# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **STEPHEN ROBERT BROWN** | **Bankruptcy No. 22-408997-BDL** |
| Debtor. | **DECLARATION OF BRIAN J. WAID** |

My name is Brian J. Waid, and I am competent to testify to the matters contained herein.

1. I am a member in good standing of the Washington State Bar Association, and am admitted to practice before this court; and that,

2. My compensation and the terms of my employment are described in the attached fee agreement, which I adopt as a true and correct copy of the original in my possession; and that,

3. I will not take any compensation or reimbursement from the estate, without first obtaining the court's approval; and that,

Declaration of Brian J. Waid in Support of
Motion to Employ Special Counsel

Page 1 of 2

**WAID LAW OFFICE**
**5400 CALIFORNIA AVENUE SW, SUITE D**
**SEATTLE, WA 98136**
**206-388-1926**

Case 22-40997-BDL    Doc 29-1    Filed 09/19/22    Ent. 09/19/22 16:05:02    Pg. 1 of 5

4. I do not hold any interest in property of the estate or any interest adverse to either the estate or the debtor; and that,

5. I do not have any prior relationship with the debtor, the United States Trustee, any other party in interest, or their respective attorneys and accountants, except wherein I participated in a business transaction offered to the general public; and that,

6. I have read and agree to abide by the terms of Local Rule 2016-1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Done on:   August 15, 2022.

WAID LAW OFFICE, PLLC

By:   /s/ Brian J. Waid
Brian J. Waid
WSBA 26038

**Declaration of Brian J. Waid in Support of Motion to Employ Special Counsel**

Page 2 of 2

**WAID LAW OFFICE**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

DocuSign Envelope ID: D91FC702-023D-42F7-BBA0-10EC9FC7BC56

# CONTINGENT FEE AGREEMENT: LIMITED ENGAGEMENT

This agreement is entered into between STEPHEN ROBERT BROWN, Debtor-in-Possession, hereinafter referred to as "CLIENT" and WAID LAW OFFICE, PLLC, referred to in this Agreement as "ATTORNEY."

CLIENT hereby retains ATTORNEY to provide legal services to CLIENT on a contingent fee basis relative to CLIENT'S claims against Attorney JOHN DAVID DU WORS and the law firm of NEWMAN DU WORS, LLP a and ADVANTAGE LEGAL GROUP (hereinafter collectively referred to as "DU WORS") arising out of DU WORS' representation of CLIENT in the Pierce County Superior Court case no. 20-2-06886-7 entitled *Lisah Moegling v. Stephen R. Brown* (hereinafter referred to as "the Underlying Matter").

CLIENT and ATTORNEY recognize that the claims described above are subject to the jurisdiction of and supervision by the United States Bankruptcy Court for the Western District of Washington entitled *In re Bankruptcy of Brown,* case no. 22-bk-40997-BDL (hereinafter referred to as "the Bankruptcy Case"). CLIENT and ATTORNEY thus understand and agree that this Contingent Fee Retainer Agreement is conditioned upon approval by the Bankruptcy Court and shall be of no force and effect unless and until the Bankruptcy Court has authorized ATTORNEY to provide services to CLIENT in the Bankruptcy Case.

**Limited Engagement:** Rule 1.2(c) of the Washington Rules of Professional Conduct allows an attorney to "limit the scope of the representation if the limitation is reasonable under the circumstances and the client consents after consultation." CLIENT'S retention of ATTORNEY in this matter is considered a "limited engagement" because ATTORNEY has **not** agreed to undertake representation of CLIENT in any other aspect of the Bankruptcy Case not expressly provided for in this Agreement.

ATTORNEY shall perform all reasonable, necessary and usual services in matters of this kind, including but not limited to investigation of facts, gathering of evidence and documents, legal research, communication and negotiation with the adverse party/parties, and litigation of the claims.

CLEINT agrees to compensate ATTORNEY as follows: (1) If CLIENT's claim is resolved prior to filing of a Complaint against DU WORS in any Court, then ATTORNEY's contingent fee shall be **twenty-five (25%) percent** of the *gross amount* of any affirmative recovery on behalf of CLIENT; (2) If CLIENT's claim is resolved after the filing of a Complaint against DU WORS and more than 45 days prior to commencement of trial, then ATTORNEY's contingent fee shall be **thirty three and one-third (33 1/3rd%) percent** of the *gross amount of any affirmative* recovery on behalf of CLIENT; (3) If CLIENT's claim is resolved fewer than 45 days prior to trial and prior to any appeal, then ATTORNEY's contingent fee shall be **forty (40%)** of the *gross amount* of any affirmative recovery on behalf of CLIENT; if CLIENT's claim is resolved after any appeal is filed by any party, then ATTORNEY's contingent fee shall be **forty-five (45%) percent** of the gross amount of any *affirmative* recovery. If there is no recovery, then no contingent fee will be charged. The phrase "gross affirmative recovery," as used in this Agreement refers to the total amounts recovered on behalf of CLIENT by way of settlement and/or judgment, prior to reduction for reimbursement of ATTORNEY's litigation

expenses by CLIENT.

CLIENT agrees that ATTORNEY's litigation costs and expenses should be treated as administrative expenses in the bankruptcy proceeding. CLIENT shall therefore seek approval by the Bankruptcy Court to reimburse ATTORNEY's litigation expenses and costs. CLIENT and/or his bankruptcy attorney shall file the pleadings necessary to seek and obtain that approval. Costs and expenses may include, but are not limited to deposition expenses, filing fees, messenger fees, computerized research service fees, copying costs, witness fees, **expert witness fees**, postage, facsimile charges, mileage, travel expenses, *etc.* ATTORNEY will provide CLIENT with regular statements which itemize all such charges to CLIENT'S account.

ATTORNEY shall have a priority lien against the amounts on deposit in its Client Trust Account, and any proceeds recovered by, or on behalf of, CLIENT in connection with the claims arising out of the matter described in this Agreement, including pursuant to RCW 60.40.010, *et seq.* If CLIENT discharges ATTORNEY prior to completion of this matter and CLIENT subsequently recovers money or other relief as a result of this claim, CLIENT shall be indebted to ATTORNEY for legal fees based upon the value of the legal services rendered by ATTORNEY to CLIENT or $400 per hour for ATTORNEY'S services, whichever amount is *greater,* in addition to all costs and expenses advanced by ATTORNEY and not previously paid by CLIENT, except that such fees and costs shall only be paid upon entry of an Order approving and authorizing their payment by the Court in the Bankruptcy Case.

CLIENT has the sole right to accept or reject settlement offers from the adverse party/parties, subject to approval by the Bankruptcy Court. CLIENT also has the sole right to authorize ATTORNEY to make settlement offers on CLIENT'S behalf; provided that such settlement offers, if accepted, shall be subject to Bankruptcy Court approval.

CLIENT agrees that ATTORNEY may retain co-counsel to work with ATTORNEY in this matter, provided that the Bankruptcy Court approves the co-counsel arrangement. ATTORNEY agrees to consult CLIENT prior to retention of any such co-counsel, and to obtain CLIENT'S written approval relative to any division of fees with such co-counsel. The contingent fee of ATTORNEY set forth in this Retainer Agreement shall *not* increase, and CLIENT will *not* pay a higher total fee, regardless of whether ATTORNEY retains co-counsel.

ATTORNEY reserves the right to withdraw from representation at any time, including but not limited to, if CLIENT fails to cooperate with ATTORNEY, or if facts or circumstances arise or are discovered that would, in ATTORNEY'S opinion, render continuing representation unlawful or unethical; provided that ATTORNEY shall comply with the Rules of Professional Conduct in respect to any such withdrawal and obtain Bankruptcy Court authorization for ATTORNEY's withdrawal.

The outcomes of negotiation and litigation are subject to many factors which cannot always be anticipated or foreseen. It is therefore understood that ATTORNEY has made no promises or guarantees to CLIENT concerning the outcome of this representation and, indeed, ATTORNEY cannot make any such promise or guarantee.

This contingent fee agreement pertains only to the legal matter expressly stated above. It does not relate to any other matter for which CLIENT seeks representation by ATTORNEY. Any other matter will require a separate fee agreement.

9/13/2022

CLIENT: _Stephen Robert Brown_____ DATE: ~~August~~ ____, ~~2022~~.
              STEPHEN R. BROWN

WAID LAW OFFICE, PLLC                                  9/13/2022

BY: _Brian J. Waid_____ DATE: ~~August~~ ____, ~~2022~~.
         BRIAN J. WAID