Law Office of Mark McClure, PS
1103 West Meeker Street, #101
Kent, WA 98032

The Honorable Brian D Lynch
Chapter 11
Hearing Date: November 9, 2022
Hearing Time: 9:00 AM
Location: Tacoma, WA
Response Date: November 2, 2022

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF
WASHINGTON FOR TACOMA

In re:

Stephen Robert Brown,

Debtor.

CHAPTER 11 BANKRUPTCY
Case No.: 22-40997-BDL

DEBTORS' DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED
OCTOBER 10, 2022

**DISCLOSURE STATEMENT IN SUPPORT OF DEBTOR'S CHAPTER 11 PLAN**

**I. Preliminary Statement**

The Debtor submits this Disclosure Statement to all of his creditors in order to comply with the provisions of the Code requiring the submission of information necessary for creditors to arrive at an informed decision in exercising their rights to vote for acceptance or rejection of the Plan, presently on file with the United States Bankruptcy Court for the Western District of Washington (the "Court"). A copy of the Plan accompanies this Disclosure Statement.

**II. Summary of Plan and Code Provisions for Voting**

A. Repayment of Creditors

The Plan provides for payment of administrative expenses, priority claims, and secured creditors, either in cash or in deferred cash payments, and provides for payments to unsecured creditors in an amount greater than they would receive in the event of a Chapter 7 liquidation. Funds for implementation of the Plan will be derived from the liquidation of some of Debtor's property and/or his income. This Disclosure Statement contains a detailed discussion of the Plan and its implementation. This Disclosure Statement should be read in conjunction with the

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 1

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 1 of 23

Plan, which is a legal document and upon confirmation will become binding on the Parties. Creditors should read the Plan and this Disclosure Statement in their entirety, rather than relying on this summary. The Debtor urges creditors and other parties in interest to consult with independent counsel in connection with their decision to accept or reject the Plan. Approval of this Disclosure Statement by the Court is not a decision on the merits of the Plan.

### B. Voting Procedures and Confirmation Requirements

#### 1. Ballots and Voting Deadline.

A Ballot to be used for voting to accept or reject the Plan will be distributed, along with this Disclosure Statement and the Plan, upon approval of the Disclosure Statement by the Bankruptcy Court. Creditors of the Debtors must (1) carefully review the Ballot and instructions thereon; (2) execute the applicable Ballot; and (3) return the completed Ballot to Law Office of Mark McClure, P.S, Attn: Masafumi Iwama, Esq., 1103 West Meeker Street, Suite 101 Kent, WA 98032 so as to be received by 5:00 p.m. on or before _____2022. Ballots received after the deadline will not be considered.

#### 2. Creditors Entitled to Vote.

Any Creditor of the Debtor whose Claim is impaired under the Plan is entitled to vote, provided that (1) its Claim has been scheduled by the Debtor (and such Claim is not scheduled as disputed, contingent or unliquidated), or (2) it has filed a Proof of Claim on or before the last date set by the Court for such filing and no objection to such Proof of Claim is pending at the time of the confirmation hearing. Any Class of Claims that are not impaired by the Plan, and each holder of a Claim, are conclusively presumed to have accepted the Plan and solicitation of acceptances with respect to such Class from the holders of Claims of such Class is not required.

Any Claim as to which an objection has been filed (and such objection is still pending) is not entitled to vote, unless the Court temporarily allows the Claim in an amount which it deems proper for the purpose of accepting or rejecting the Plan upon motion by the Creditor whose Claim is subject to objection. In addition, the vote of a Creditor may not be counted if the Court determines that the Creditor's acceptance or rejection was not solicited or procured in accordance with the provisions of the Bankruptcy Code.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 2

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 2 of 23

Even though a Creditor may choose not to vote or may vote against the Plan, the Creditor will be bound by the terms and treatment set forth in the Plan if the Plan is accepted by the requisite majorities in each Class of Creditors and/or is confirmed by the Court. Creditors who fail to vote will not be counted in determining acceptance or rejection of the Plan. Allowance of a Claim for voting purposes does not necessarily mean that the Claim will be allowed or disallowed for purposes of distribution under the terms of the Plan. Any Claim to which an objection has been or will be made will be allowed for distribution only after determination by the Court. Such determination may be made after the Plan is confirmed.

3. Definition of Impairment.

Under § 1124 of the Bankruptcy Code, a Class of Claims is impaired under a plan of reorganization unless, with respect to each Claim of such Class, the Plan (1) leaves unaltered the legal, equitable, and contractual rights of the holder of such Claim, or (2) reinstates the Claim pursuant to its original terms and cures any default.

4. Classes Impaired Under the Plan.

Creditor holding Claims in Class D are impaired under the Plan and are eligible, subject to the limitations set forth above, to vote to accept or reject the Plan. Creditors holding Claims in Class A are unimpaired under the Plan and are not entitled to vote with respect to the acceptance or rejection of the Plan. Such Creditors will be paid in full or otherwise be treated in accordance with the provisions of the Plan.

5. Vote Required for Class Acceptance.

The Bankruptcy Code defines acceptance of a Plan by a Class of Creditors as acceptance by holders of two-thirds in dollar amount and a majority in number of the Allowed Claims of that Class which actually cast ballots to accept or reject the Plan.

6. Requirements for Confirmation.

In order to be confirmed (i.e., approved) by the Bankruptcy Court, the Plan or its proponent must (among other requirements set forth in § 1129 of the Bankruptcy Code):

a. Disclose all compensation paid or promised for professional services rendered or to be rendered in connection with the Case;

b. Disclose the identity and affiliations of all officers to serve after the Plan is confirmed and the compensation of any insiders to be employed after Confirmation;

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 3

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 3 of 23

c. Propose to pay each member of a class of Claimants, who has not accepted the Plan, property at least equal in value to what the Claimant would receive if the Debtor's assets were liquidated on the date of the Confirmation Hearing, and distributed to Creditors according to their rights and priorities under law;

d. Propose to pay all Administrative Claims in full;

e. Propose to pay all Priority Claims in full in deferred payments or cash; and

f. Propose to pay all Priority Tax Claims in full within five years after the order for relief in this Case, in a manner not less favorable than the non-priority unsecured Claims.

<u>7. Confirmation Hearing.</u>

The Bankruptcy Code requires that the Bankruptcy Court hold a Confirmation Hearing with notice to all Creditors. The Confirmation Hearing is scheduled for _____ at 9:00 am, before the Bankruptcy Judge Brian D Lynch, Courtroom I of the U.S. Bankruptcy Court, Tacoma Federal Courthouse Union Station, 1717 Pacific Avenue Tacoma, WA 98402. The Confirmation Hearing may be adjourned or continued by the Bankruptcy Court without further notice except for an announcement made of the adjourned or continued date made at the Confirmation Hearing.

At the Confirmation Hearing, the Bankruptcy Court shall determine whether the requirements of the Bankruptcy Code have been satisfied, in which event the Bankruptcy Court shall enter an order confirming the Plan. With respect to creditor acceptance of the Plan, if the requisite members of an impaired Class do not vote to accept the Plan as provided in Section II.B.5. above, the Debtor may seek confirmation pursuant to § 1129(b) of the Bankruptcy Code, known as the "cramdown" procedure. Pursuant to this section, the Bankruptcy Court may confirm the Plan notwithstanding the non-acceptance by an impaired Class if at least one impaired Class votes to accept the Plan, the Plan does not discriminate unfairly, and is "fair and equitable" to the non-accepting Class.

A Plan does not discriminate unfairly within the meaning of the Bankruptcy Code if no Class receives more than it is legally entitled to receive for its Claims. The Bankruptcy Code establishes different "fair and equitable" standards for Secured and Unsecured Claims.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 4

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 4 of 23

With respect to a Secured Claim, a Plan may be "fair and equitable" if (1) the impaired Secured Creditor retains its liens to the extent of its Allowed Claim and receives deferred cash payments at least equal to the allowed amount of its Claim with a present value as of the Effective Date at least equal to the value of such Creditor's interest in the property securing its liens, (2) property subject to the lien of the impaired Secured Creditor is sold free and clear of that lien, with that lien attaching to the proceeds of sale, and such lien proceeds must be treated in accordance with clauses (1) and (3) hereof, or (3) the impaired Secured Creditor realizes the "indubitable equivalent" of its Claim under the Plan.

With respect to an Unsecured Claim, a Plan may be "fair and equitable" if (1) each impaired Unsecured Creditor receives or retains property of a value equal to the amount of its Allowed Claim, or (2) the holder of any Claim that is junior to the Claims of the dissenting Class will not receive any property under the Plan, except that, as to the Debtor, he may retain their property (property of the estate).

Finally, it must be noted that even though a Creditor may vote to reject the Plan, such rejection of a confirmed Plan does not mean that the Creditor will not be entitled to share in any distributions to be made under the Plan.

## III. Requisite Disclosures

### A. Representations Limited.

NO REPRESENTATIONS CONCERNING THE DEBTOR, PARTICULARLY REGARDING FUTURE EARNINGS OF DEBTOR OR THE VALUE OF THE DEBTOR'S ASSETS, HAVE BEEN AUTHORIZED BY THE DEBTOR EXCEPT AS SET FORTH IN THIS STATEMENT. YOU SHOULD NOT RELY ON ANY OTHER REPRESENTATIONS OR INDUCEMENTS PROFFERED TO YOU TO SECURE YOUR ACCEPTANCE OR REJECTION IN ARRIVING AT YOUR DECISION IN VOTING ON THE PLAN. ANY PERSON MAKING REPRESENTATIONS OR INDUCEMENTS CONCERNING ACCEPTANCE OR REJECTION OF THE PLAN SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR AT THE ADDRESS ABOVE, TO THE CLERK OF THE COURT AT 1717 PACIFIC AVENUE, SUITE 2100 TACOMA WA 98402 AND TO THE U.S. TRUSTEE AT 700 STEWART STREET SUITE 5103 SEATTLE, WA 98101. FOR VARIOUS REASONS, THE RECORDS OF THE DEBTOR PRIOR TO PREPARATION OF THIS PLAN MAY NOT HAVE BEEN COMPLETE AND THE ACCURACY OF THE INFORMATION SUBMITTED WITH THIS STATEMENT IS DEPENDENT ON

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 5

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 5 of 23

INFORMATION AVAILABLE TO THE DEBTOR WITH THE ASSISTANCE OF COUNSEL. WHILE EVERY EFFORT HAS BEEN MADE TO PROVIDE THE MOST ACCURATE INFORMATION AVAILABLE, THE DEBTOR ARE UNABLE TO WARRANT OR REPRESENT THAT ALL INFORMATION IS WITHOUT INACCURACY. THERE ARE NO KNOWN INACCURACIES. WHILE EVERY EFFORT HAS BEEN MADE TO ENSURE THAT THE ASSUMPTIONS ARE VALID AND AS ACCURATE AS CAN BE MADE UNDER THE CIRCUMSTANCES, NEITHER THE DEBTOR NOR THEIR ATTORNEYS UNDERTAKE TO CERTIFY OR WARRANT THE ABSOLUTE ACCURACY OF THE ASSUMPTIONS OR PROJECTIONS.

NO FORMAL APPRAISALS HAVE BEEN UNDERTAKEN OF THE DEBTOR'S PROPERTY EXCEPT WHERE STATED. THE VALUES PLACED THEREON AND SUMMARIZED BELOW ARE THE DEBTOR-IN-POSSESSION'S BEST ESTIMATE OF THE VALUE OF THE PROPERTY AS OF THE TIME OF THE FILING OF THE PLAN AND THIS DISCLOSURE STATEMENT. THESE VALUES MAY DIFFER FROM VALUES PLACED ON THE SAME PROPERTY AT THE TIME OF FILING OF THE PETITION FOR RELIEF AND THE SUBSEQUENT SCHEDULES.

B. Background, Income and Expenses.

The Debtor is a single person who is a resident of Pierce County. Debtor is a retired lieutenant colonel of the US Air Force. He does not have a current occupation. The Debtor has ownership interest in his Washington residence located at 245 Shorewood Ct. Fox Island, WA 98333; a condominium in California; and a fractional interest in a piece of raw land located in Pierce County.

The Debtor's current income and expenses are reflected in the following section.

The following is the projected income and expenses for 60 months following the confirmation of Plan.

Monthly Average Gross Income:

| | |
|---|---|
| Gross Rent California Property | $1,300.00[1] |
| VA Disability | $3,332.06 |
| VA Retirement | $4,439.58 |
| Social Security Benefit[2] | $3,059.00 |
| Total Monthly Income | $10,830.64 |

[1] Gross Rent will not be added to Debtor's monthly income because Debtor intends to sell this property in order to fund the Plan.
[2] Debtor is not currently receiving benefit, but should he choose to receive the benefit, the current monthly benefit is $3,059/month.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 6

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

The Debtor's current total monthly expenses are estimated to be $8,679.91. The following is the detailed projected expenses during their Chapter 11 Plan period.

Home Ownership expenses for the residence.

| | |
|---|---|
| Mortgage Payment | $ 1,250.00 |
| Real Estate Taxes | $ 746.24 |
| Insurance | $ 87.34 |
| Home Maintenance, repair and upkeep expenses | $ 400.00 |

Utilities

| | |
|---|---|
| Electricity, heat, natural gas | $ 100.00 |
| Water, sewer, garbage collection | $ 162.00 |
| Telephone, cell phone, Internet, cable | $ 410.00 |

| | |
|---|---|
| Food and housekeeping supplies | $ 1,000.00 |
| Clothing, laundry and dry cleaning | $ 200.00 |
| Personal care products and services | $ 50.00 |
| Medical and dental expenses | $ 492.00 |
| Transportation | $ 1,000.00 |
| Entertainment | $500.00 |
| Charitable Contributions | $ 833.33 |

Insurance

| | |
|---|---|
| Health Insurance | $ 60.00 |
| Vehicle Insurance | $160.00 |
| Other Insurance | $ 37.00 |

California Property[3]

| | |
|---|---|
| Real Estate Taxes | $ 209.00 |
| Property Insurance | $ 27.00 |
| Maintenance and Repair | $ 385.00 |
| HOA Dues | $ 42.00 |

| | |
|---|---|
| Federal Income Tax (estimated) | $1,192.00 |
| Total Monthly Expenses | $ 8,487.91 |
| Total Monthly Income | $ 10,830.64 [4] |
| Total Monthly Expenses | $ 8,679.91 |
| Monthly Net Income | $ 2,150.73 |

[3] California Property will not be included to Debtor's monthly expenses because Debtor intends to sell this property in order to fund the Plan.
[4] Social Security income is included for the purpose of calculating 60 months projected disposable income.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 7

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 7 of 23

60 months projected disposable income: $ 129,043.80

The income projection above contains Debtor's best estimate of their future income. In his projection of income, Debtor intends to show his average income and expenses for the 60 months period immediately after the confirmation of Plan.

Debtor's gross monthly income and gross monthly disbursement since filing of case is as follows.

|  | Income | Disbursements |
|---|---|---|
| 2022 August | $7,916.00 | $7,179.00 |
| 2022 September | $9,071.64 | $7,179.00 (estimated) |
| 2022 October (Estimated) | $9,071.64 | $7,179.00 (estimated) |

Debtors' Adjusted Gross Income from Federal Tax Returns Form 1040:

|  | Income |
|---|---|
| 2020 | $150,635.00 |
| 2021 | $ 119,322.00 |

C. Events Leading to Bankruptcy.

On or about July 14, 2020, Lisah S. Moegling commenced a complaint for damages at the Pierce County Superior Court (20-2-06886-7). On July 22, 2022, after a trial, this action resulted in an entry of Special Verdict in the total amount of $2,580,000.00. Although Debtor has some assets, his total value of assets does not cover the amount, thus, Debtor decided to file a Chapter 11 case in order to realize the best value for his assets and pay his creditors based on the liquidation value of the Estate.

D. Procedural Posture of the Bankruptcy Case.

After commencing this case, Debtor moved to establish a claims bar date. The Court set the claims bar date at October 7, 2022. The lead counsel's office has filed a motion to employ attorneys which is pending before the court on October 26, 2022. A special counsel, Brian

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 8

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 8 of 23

Wade's, employment was authorized by the court on September 20, 2022 (Doc 32). Debtor is moving for an approval of Disclosure Statement and ready for the Plan confirmation process.

E. Assets.

The Debtor's schedules of Assets and Exemptions are discussed in the following sections. In the event of a Chapter 7 liquidation, it is estimated that there would be a substantial distribution to unsecured creditors.

The following is the Liquidation Analysis:

**A: Real Property**

| Description and Location of Property | Current Estimated Value of Property | Current Amount of Secured Claim | Exemption Code and Amount | Cost of Liquidation 9% | Net Value |
|---|---|---|---|---|---|
| 245 Shorewood Ct. Fox Island, WA 98333 | $ 1,000,000 | $ 500,000 | Wash. Rev. Code § 6.13.010(1)(b) $508,000.00 | N/A | $0.00 |
| **Net Value** | **$0.00** | | | | |

**B: Personal Property**

| Description | Value | Current Amount of Secured Claim | Exemption Code | Exemption Amount | Net Value |
|---|---|---|---|---|---|
| 2005 Toyota Sienna | $ 1,500.00 | $ 0.00 | Wash. Rev. Code §6.13.010(1)(d) (iii) | $1,500.00 | $ 0.00 |
| 2014 Kawasaki KLR 650 | $ 4,500.00 | $ 0.00 | Wash. Rev. Code §6.13.010(1)(d) (iii) | $1,750.00 | $ 0.00 |
| | | | Wash. Rev. Code §6.13.010(1)(d) (ii) | $2,750.00 | $ 0.00 |
| 2014 Suzuki DL 1000 | $ 7,000.00 | $ 0.00 | Wash. Rev. Code §6.13.010(1)(d) (ii) | $ 250.00 | $ 6,750.00 |

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 9

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 9 of 23

| Description and Location of Property | Current Estimated Value of Property | Current Amount of Secured Claim | Exemption Code and Amount | Exemption Amount | Net Value |
|---|---|---|---|---|---|
| 2018 Dodge Ram 3500 | $ 50,000.00 | $ 0.00 | | $ 0.00 | $ 50,000.00 |
| 1987 Spectrum Aircraft, 550 Beaver | $ 500.00 | $ 0.00 | | $ 0.00 | $ 500.00 |
| 1696 Jensenm Auxiliary Sail | $12,000.00 | $ 0.00 | | $ 0.00 | $ 12,000.00 |
| 2000 Kawasaki KLR 250 | $ 1,500.00 | $ 0.00 | | $ 0.00 | $ 1,500.00 |
| 2001 KTM 300 EXC | $ 1,500.00 | $ 0.00 | | $ 0.00 | $ 1,500.00 |
| 2006 Ski Doo Summit Ex | $ 2,500.00 | $ 0.00 | | | $ 2,500.00 |
| 2009 COTC Utility Trailer | $ 800.00 | $ 0.00 | | | $ 800.00 |
| 2013 Artic Fox Northwind 811 | $ 15,000.00 | $ 0.00 | | | $ 15,000.00 |
| 2021 Interstate Cargo Trailer | $ 5,500.00 | $ 0.00 | | | $ 5,500.00 |
| Liquidation Costs | 10% | $9,605.00 | | | $96,050.00 |
| Net Value | $ 86,445.00 | | | | |

| Description and Location of Property | Current Estimated Value of Property | Current Amount of Secured Claim | Exemption Code and Amount | Exemption Amount | Net Value |
|---|---|---|---|---|---|
| Household Goods & Furnishings | $ 3,500.00 | $ 0.00 | RCW §6.15.010 (1)(d)(i) | $ 3,500.00 | $ 0.00 |
| Home Electronics | $ 500.00 | $ 0.00 | RCW §6.15.010 (1)(d)(i) | $ 500.00 | $ 0.00 |
| Firearms | $ 350.00 | $ 0.00 | RCW §6.15.010 (1)(d)(i) | $ 350.00 | $ 0.00 |
| Wearing Appeal | $ 200.00 | $ 0.00 | RCW §6.15.010 (1)(d)(i) | $ 200.00 | $ 0.00 |
| Net Value | $ 0.00 | | | | |

DEBTOR'S DISCLOSURE STATEMENT FOR CHAPTER 11 PLAN DATED OCTOBER 10, 2022- 10

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

1023265.05

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 10 of 23

| Description | Value | Exemption Code | Exemption Amount | | Net Value |
|---|---|---|---|---|---|
| Cash | $100.00 | | | | $ 100.00 |
| Checking USAA 7197 | $ 258,217.58 | | | | $ 258,217.58 |
| Checking Harborstone CU 6055 | $ 2,411.48 | | | | $ 2,411.48 |
| Saving Harborstone CU 0958 | $ 2,511.48 | | | | $ 2,511.48 |
| IOLTA Account for Law Office of Mark McClure | $494,641.70 | | | | $ 494,641.70 |

| Net Value |
|---|
| $757,882.24 |

Trusts

| Description | Value | | | Cost of Liquidation 9% | Net Value |
|---|---|---|---|---|---|
| Robert & Irene Brown Irrevocable Trust | $0.00 | Debtor is one of the beneficiaries: Spendthrift Provision Para 8.7 | | | $ 0.00 |
| Steve Brown Family Trust | $18,000.00 | Holds Anderson Island property interest (1/5th) as a co-tentant Remaining interest held by siblings: Nancy Pitman, Charles Brown, Michael Brown and Patrick Brown | | | $18,000.00 |

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 11

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

| Stephen R. Brown and Katrina A. Brown Revocable Living Trust | $340,000.00 | Holds property located at 637 Beelard Dr, Vacaville, CA 95687 | | $30,600.00 | |
|---|---|---|---|---|---|
| | | | Estimated Capital Gain Tax | $38,850.00 | $270,550.00 |
| Net Value | $ 288,550.00 | | | | |

Other contingent and unliquidated claims.

| Description | Value | | | | Net Value |
|---|---|---|---|---|---|
| Potential Malpractice Claim related to Pierce County Case No. 20-2-06886-7 against John Du Wors and Newman Du Wors LLP. | Unknown. | | | | |
| Net Value | $ Unknown. | | | | |

Total Net Value: $1,132,877.24

Minus Section 326 Fee:  <$57,236.32>

Minus Chapter 11 Administrative Fee (Attorney's fees):  <$45,000.00>

Minus Administrative US Trustee's Fees:  <$750.00>

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 12

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

1023265.05

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 12 of 23

Debtors estimate that under a hypothetical liquidation, $1,029,890.92[5] is available to the unsecured creditors.

F. Creditors' Committee.

No creditors' committee has been formed in this case.

G. Professionals

The Debtor has retained the Law Office of Mark McClure, PS, Mark McClure and Masafumi Iwama as bankruptcy counsels, which approval by the Court is pending. Law Office of Mark McClure, PS paid $9,243.30 for pre-petition work related to this case, and advanced the filing fee of $1,717.00. Law Office of Mark McClure, PS expects to file a fee application, which fees and costs are subject to court approval.

In additional to the lead counsel in this case, Debtor has retained the Wade Law Office, PLLC in order to explore a possible legal malpractice committed by Debtor's trial counsel for the aforementioned Pierce County Superior Court action. If Debtor is successful in recovery of damages, he intends to use the recovered funds to pay his priority or general unsecured creditors.

H. Officers/Directors and Compensation.

As individual debtor, the requirement to disclose the Debtor's officers and directors is inapplicable.

I. Bar Date.

The bar date for the filing of pre-petition Claims against the Debtors was October 7, 2022 with government Claims due by February 7, 2023. Under the Plan, Administrative Claims must be filed by the first Business Day thirty (30) days after the Effective Date.

---

[5] Plus any net recovery from the legal malpractice case.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 13

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 13 of 23

## IV. Classification and Treatment of Claims

The Plan establishes **4 Classes** of Claims, plus two categories of unclassified Claims (for administrative expenses and for priority taxes). The classes of Claims are identified and treated as follows:

Unclassified Claims

A. Administrative Expenses: Administrative expense Claims approved and allowed by the Court shall be paid in full, in cash, by the Debtor on the effective date of the Plan or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. Administrative Claims which, by their terms, are not due and payable on or before the Effective Date shall be paid as and when due. The only administrative expense Claims known by the Debtor are the fees and costs of the Debtor's counsel and the U.S. Trustee.

The total unpaid professional fees as of the date of this Plan are estimated to be approximately $45,000.00 although additional fees will be incurred before the Effective Date. The Debtor is unaware of any other unpaid administrative expense Claims.

Within this class are all pre-confirmation fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), which shall be paid on the effective date of the Plan, if not paid sooner. After confirmation, and until the case is closed, the Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6). Debtor estimates that he will owe a total of $750,00 for the 3rd and the 4th quarter, 2022 and 1st quarter of 2023 for the U.S. Trustee fees.

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Estimated Professional Fees, as approved by the Court | $45,000.00 | To be paid from the current approximate trust fund balance of $494,641.70 |
| Clerk's Office Fees | $ 0 | Paid in full on the effective date of the Plan |

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 14

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 14 of 23

| | | |
|---|---|---|
| Other administrative expenses | $ 0 | Paid in full on the effective date of the Plan |
| Office of the U.S. Trustee Fees | $ 750.00 | Paid in full on the effective date of the Plan |
| TOTAL | $45,750.00 | |

B. Priority Taxes: Debtor understands that his tax filings and payments are all current. If Debtor owes any Priority Taxes, Debtor intends to pay 100% of priority tax Claim from the funds available on the effective date of the Plan.

Classified Claims and Interests

A. Class A (Priority (non-tax) Claims): Class A consists of Priority Claims under 11 U.S.C. § 507 other than Administrative Claims and Priority Tax Claims. The Debtor is unaware of any such Claims, and no Proofs of Claim in this class have been filed. In the unlikely event that there are any allowed Claims in Class A, they shall be paid in full, in cash, by the Debtor on the effective date of the Plan or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. This class is not impaired.

B. Class B (Pierce County Assessor-Treasurer ("Pierce County")): Class B consists of the secured Claim of Pierce County, (Proof of Claim No. 2), in the amount of $4,547.05 as of the filing date. The second half of the property tax due for the Debtor's residence located at 245 Shorewood Court, Fox Island, WA 98333 will be paid by Debtor on or before October 31, 2022. Debtor shall continue to pay the property tax on time. This class is not impaired.

C. Class C (The Brown Family Decedent's Trust" aka "The Brown Family Decedents Trust B"): Class C consists of the secured prepetition Claim of The Brown Family Decedents Trust B (the "Family Trust"), (No Proof of Claim filed), in the approximate amount of $500,000.00 as of the filing date, secured by Debtor's residence located at 245 Shorewood Court, Fox Island, WA 98333. The Debtor intends to pay the contractual payment on this loan. This class is not impaired.

**Chart of Secured Claims**

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 15

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 15 of 23

| POC # | Name | Amount Claimed | Value of Secured Claim | Interest rate | Mo. Payment |
|---|---|---|---|---|---|
| 2 | Pierce County | $4,547.05 Class B | $4,547.05 | | Due on April 30th and and October 31st $746,24/mo |
| No POC | Family Trust | $ 500,000.00 Class C | $ 500,000.00 | 3.00% | |

D. Class D (General Unsecured Claims): Class D consists of all general unsecured Claims against the Debtor. Holders of Class D Claims shall be paid a pro rata share of the liquidation of value which is $$1,029,890.92. The confirmation of the Plan shall serve to release any holder of a Class D Claims as of the Petition Date from any Claim or cause of action held by the Debtor against such holder (other than defenses of recoupment). The pro rata share of the Claimed amount of any Claims which are then subject to objections as to which a Final Order has not been entered, shall be deposited in an interest bearing bank account until a Final Order is entered. When Final Orders are entered disallowing or allowing and liquidating all Class D Claims, the remaining funds in the bank account shall be distributed to the holders of all Class D Claims pro rata. Payments on Class D Claims shall be mailed to the address of the creditor on the Proof of Claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. Any check (payment) mailed to the proper address and returned by the post office as undeliverable, or not deposited within 180 days, shall be void and the funds may be retained by the Debtor. This class is impaired.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 16

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL   Doc 42   Filed 10/10/22   Ent. 10/10/22 09:18:20   Pg. 16 of 23

**Class D List of Allowed Unsecured Claims**

| Description | Insider (Yes/No) | Amount | Impairment | Treatment |
|---|---|---|---|---|
| POC 1 Lisah S Moegling | NO | $2,622,359.24 | Impaired | Pro Rata |
| POC 3 Newman DuWars LLP | NO | $181,685.67 | Impaired | Pro Rata |
| | | | | |
| **Total** | | $2,804,044.91 | | |

## V. Implementation of Plan

A. By Debtor's Income and Liquidation of Property: The Debtor shall fund this Plan with his income and the proceeds from liquidation of his property. The Debtor shall retain the Assets of the estate, and shall pay ordinary living expenses, and pay the creditors the amounts set forth in the Plan. Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue Claims in any court of competent jurisdiction. Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any Claim that the Debtor may assert against any other party, including the holder of any Claim provided for in this Plan, and the allowance of any Claim against the Debtor or the estate shall not bar any Claim by the Debtors against the holder of such Claim.

It is estimated that the amounts required for implementation of the Plan upon the Effective Date are as follows:

Administrative expense Claims: $45,750.00 will be paid out of the Attorney Trust Account. The attorney's fees/costs to be paid in full upon approval of fee applications by the Court.

Class A: $0.00

Class B: Property Taxes will be paid from Debtor's regular income.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 17

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL   Doc 42   Filed 10/10/22   Ent. 10/10/22 09:18:20   Pg. 17 of 23

Class C: 3% interest only ($1,250.00/month) payment will be made from Debtor's regular income.

Class D: Paid from the liquidation value of the Estate.

1) Attorney's Trust Account: Debtor secured a lending from the Trust[6] in the amount of $494,641.70. The purpose of the loan was to save time and costs of liquation of his residence and make the funds immediately available for the unsecured creditors. Debtor will use the remaining funds (after the administrative fees are satisfied) from the Attorney Trust account to pay the pro rata share of the general unsecured claims.

2) By sale of California Condo: Once the Plan is confirmed, Debtor intends to liquidate the condo within one year from the effective date of Plan. The proceeds from the sale of property, after the closing costs are fully paid, will be used to pay the pro rata share of the general unsecured claims. Based on the current adverse real estate market, it is very difficult to estimate the net proceeds from the sale. Debtor currently estimates that the proceeds from the sale will be approximately $270,550.00.

3) Checking USAA 7197: Debtor has approximately $250,000.00 saved in the checking account. Debtor will use the funds to pay the pro rata share of the general unsecured claims within one year from the effective date of Plan.

4) Debtor intends to secure a loan to purchase other non-exempted personal property from the Bankruptcy Estate. The total remaining liquidation value of the estate is $14,699.22. Debtor will pay the pro rata share of the general unsecured claims within 90 days from the effective date of Plan.

5) Legal Malpractice Claim: Debtor intends to share the recovery, if any, with Class D, general unsecured claim. Debtor's total legal fees paid for the case was $106,831.59. For the purpose of calculation, Debtor's legal fees will be added to Class D claims and any recovery will be paid out to Class D creditors including to Debtor on a pro rata basis.

---

[6] The Brown Family Decedent's Trust" aka "The Brown Family Decedents Trust B"

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 18

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 18 of 23

Combination of 1 to 4 above is $1,029,877.24 which is the liquidation value of the Estate.

## VI. Analysis of Liquidation Value of the Estate

In the event of liquidation of the Debtor's estate, Debtors estimate that there will be a liquidation value of $1,029,877.24.

There are no avoidable pre-petition transfers by Debtor.

As such, after payment of secured Claims, Administrative Expenses and Priority Claims, Debtor proposes to distribute $1,029,877.24 (Unsecured Dividend) to the unsecured Claims under Class D which represents 39%[7] distribution to unsecured creditors.

## VII. Repayment Projections

The Debtor projects that Classes B and C will be repaid according the current due dates from each obligation.

All unsecured Claims (Class D) will be paid according to V. Implementation of Plan.

## VIII. Tax Consequences

The Debtor is not qualified to advise Creditors of the specific tax ramifications to them in confirmation of the Plan, and therefore make no representations in this regard. However, the Debtor is not aware of any potential material federal tax consequences to Creditors that would result from confirmation of the Plan. Each Creditor is urged to consult with a tax advisor as to such matters.

Debtor anticipates a substantial tax consequence as a result of confirmation of the Plan. Debtor is aware of the fact that the sale of the California Property may cause a large capital gain tax, which is accounted for in the liquidation analysis. Any forgiveness of indebtedness

---

[7] This amount does not include the potential recovery from the legal malpractice case.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 19

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

would be exempt from taxation under IRC § 108. The Debtor's basis in the secured property will have to be adjusted, but no tax will be due as a result thereof until any such property is sold.

## IX. Income

It is believed that the Debtor can make the payments required under the Plan.

As projected disposable income is positive, however, the liquidation value of the estate far exceeds the 60 months disposable income, therefore, Debtor commits to pay the general unsecured creditors the liquidation value of the estate.

## X. Modifications or Withdrawals of the Plan

The Debtor may alter, amend, or modify the Plan under § 1127(a) of the Bankruptcy Code at any time before the Confirmation Date, so long as the Plan, as modified, meets the requirements of §§ 1122 and 1123. The Debtor may also alter, amend, or modify the Plan under § 1127(b), following the Confirmation Date but before the Effective Date. The Debtor may revoke or withdraw the Plan before the Confirmation Date. If the Plan is revoked or withdrawn before the Confirmation Date, the Plan shall be of no force or effect, and shall be deemed null and void. If the Plan is revoked or withdrawn before the Confirmation Date, nothing contained herein shall in any way effect or prejudice the rights of the Debtor with regard to Claims, Avoidance Actions, or any other rights or interests. After confirmation, the Plan may be modified pursuant to § 1127(e). After payments of the full distribution to the Unsecured Dividend for the Class D Claims, the Plan may not be modified under § 1127(e).

## XI. Objections to Claims, Counterclaims, Avoidance Actions and Settlements

Any objections to Claims must be filed within thirty days following the Effective Date. The Debtor believes that the claims resolution process should not delay Confirmation of the Plan. The Debtor reserves the right to file objections to any Claims, except as otherwise

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 20

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 20 of 23

provided in the Plan, either as currently filed or as may be amended. In order to expedite payments to Creditors, the Debtor seeks Confirmation notwithstanding the fact that certain Claims may be disputed. The fact that the Debtor may not have objected to a particular Claim does not mean that the Debtor will not object to such Claim. Accordingly, the Debtor make no representations either in the Plan or this Disclosure Statement as to the validity of any Claim filed, and Creditors should not make any assumption based upon the fact that no objection has yet been filed to any individual Claim.

Settlement of Disputed Claims: The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## XII. Miscellaneous Plan Provisions

A. Executory Contracts and Unexpired Leases.

Pursuant to Article VI of the Plan, any pre-petition Executory Contracts and Leases in effect as of the Effective Date (other than any leases to tenants) and not specifically rejected will be deemed rejected as of the Effective Date. Any Claims arising from the rejection of Contracts and Leases must be filed on or before the Rejection Claim Bar Date. The Rejection Claim Bar Date is 30 days after the Effective Date, or, if later, 30 days after entry of any Final Order rejecting the Executory Contract or Lease. Absent the filing of a Proof of Claim on or before the Rejection Claim Bar Date, all Rejection Claims shall be forever barred from assertion and shall not be enforceable against the Debtor, its Estate, Assets, or properties. All Rejection Claims shall be General Unsecured Claims.

B. Retention of Jurisdiction, Closing.

Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, the Plan provides for the Bankruptcy Court to retain exclusive jurisdiction over all matters relating to the Plan, including the allowance of Claims and the adjudication of any Avoidance Actions. Upon substantial consummation of the Plan, the case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge. This provision serves to avoid the need to pay U.S. Trustee fees after substantial consummation, an expense Debtors can ill afford.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 21

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL   Doc 42   Filed 10/10/22   Ent. 10/10/22 09:18:20   Pg. 21 of 23

## XIII. Discharge

A. Discharge of and from all debts dischargeable under § 1141(d) of the Code which shall include the secured Claim under Class C. The payments on the secured Claims under Class C shall not be deemed payments under the Plan for purposes of § 1141(d)(5)(A), such that the Debtor shall be entitled to his discharge upon completion of payments to Administrative Expenses, Priority Taxes and Unsecured Dividend for Class D Claims.

B. Upon substantial consummation of the Plan and a payment in full of the allowed administrative claims, the case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge.

## XIV. Risk of Plan

A.  Debtor's Projection of Income

Debtor receives VA Disability and VA Pension payments each month. As such, he has enough funds to pay the secured claims.  He is currently entitled to receive social security benefit in the amount of $3,059.00. These entitlements are permanent thus, there is virtually no risk of a reduction in his monthly income.

B.  Absolute Priority Rule

If the Debtor's Chapter 11 Plan does not propose to pay all creditor's claims in full and provides that the Debtor will retain assets which currently belong to his bankruptcy estate, absent a 100% repayment plan, the absolute priority rule set forth in 11 U.S.C. § 1129(b)(2)(B)(ii) prohibits a debtor from retaining assets of the estate unless all impaired creditors classes consent to that treatment.  Accordingly, should an impaired class of creditors vote against confirmation, the plan cannot be confirmed. *Zachary v. Ca. Bank & Trust (In re Zachary,* 811 F.3d 1191, (9th Cir. 2016).

In this case, Debtor is liquidating all non-exempted assets which currently belong to Debtor's bankruptcy estate thus the Absolute Priority Rule does not apply.

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 22

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 22 of 23

If Absolute Priority Rule does apply, there is one exception to the absolute priority rule which provides that a debtor may be exempt from the absolute priority rule by providing "new value" to the creditors. *See In re Bonner Mall*, 2 F. 3rd 899 (9th Cir. 1993). To qualify for the "new value" exception, the Debtor must show the value given is: (1) new, (2) substantial, (3) money or money's worth, (4) necessary for a successful reorganization, and (5) reasonably equivalent to the value or interest received. *Id.* Additionally, the Ninth Circuit has held that the "new value" provided cannot include property owned by the debtor prior to the filing of the bankruptcy, nor can it include the debtor's post-petition disposable income during the sixty months following confirmation. *Zachary v. California Bank & Tr.*, 811 F.3d at 1199.

Here, the Debtor is confident that the Absolute Priority Rule does not apply to his case, and the impaired classes of creditors will vote in favor of the plan thereby not triggering the question on the absolute priority rule. Should the impaired classes vote against the Plan and the Court determines that Absolute Priority Rule does apply to this case, the Plan may fail.

## XV. Conclusion

As stated previously, the Debtor is the proponent of the Plan and urges you to vote to accept the Plan. The information and materials provided in this Disclosure Statement are intended to assist you in voting on the Plan in an informed fashion. Since confirmation of the Plan will be binding on your interests, the Debtor invites you to review these materials and make such further inquiries as may be appropriate.

Dated this 10th day of October, 2022.

By ___/s/ Masafumi Iwama_____         By ___/s/ Stephen Robert Brown_____
   Masafumi Iwama, WSBA 40821                    Stephen Robert Brown, Debtor


By ___/s/ Mark C McClure_____
   Mark C McClure, WSBA 24393

DEBTOR'S DISCLOSURE STATEMENT
FOR CHAPTER 11 PLAN DATED OCTOBER
10, 2022- 23

1023265.05

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

Case 22-40997-BDL    Doc 42    Filed 10/10/22    Ent. 10/10/22 09:18:20    Pg. 23 of 23