Honorable Brian D. Lynch
Chapter 11
Hearing Date: October 26, 2022
Hearing Time: 9:00 a.m.
Location: Tacoma, WA

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>STEPHEN ROBERT BROWN,<br><br>　　　　　　　　　　　　　　Debtor. | Case No. 22-40997-BDL<br><br>UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY |

Acting United States Trustee for Region 18, Gregory M. Garvin ("U.S. Trustee"), hereby brings this Limited Objection to the Motion for Order Authorizing Employment of Attorney, and the Order Authorizing the Employment of Attorney's Mark McClure and Masafumi Iwama (the "Proposed Attorneys"). The Proposed Attorneys facilitated the transfer of $500,000.00 to the Debtor from a trust believed to be controlled by Debtor's father shortly before the filing of the bankruptcy case, and they continued to act as an escrow agent for the transaction and as the trustee on the deed of trust granted to the father's trust after the case was filed.

## I.　　BACKGROUND

The Debtor filed a petition for relief under Title 11, chapter 11, on August 11, 2022. The vast majority of the Debtor's debts are due to a proceeding brought in Pierce County Superior Court, case number 20-2-068867-7, entitled *Moegling v Brown* (the "Pierce County Litigation"). ECF #13, pg. 38. Debtors listed a $2,480,000.00 claim owed to Lisa S. Moegling and a $181,000.00 claim owed to Newman Du Wores, LLP, who represented Debtor in the case with Ms. Moegling. *Id.* pg. 23. The only other unsecured debt listed are two small credit cards.

OBJECTION OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 1 -

Case 22-40997-BDL    Doc 48    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 1 of 5

On July 22, 2022, the Jury in the Pierce County Litigation found against the Debtor on the question of fraud by intentional misrepresentation and fraud by concealment and found that Ms. Moegling had damages in the amount of $2,580,000.00. *See* Exhibit A to the Declaration of Matthew J.P. Johnson (the "Johnson Decl."). Subsequently, on August 1, 2022, Ms. Moegling filed a Motion for Judgment on the Special Jury Verdict, which was not heard due to the filing of this bankruptcy case. *Id.*

Based on the Motion for Order Authorizing Employment of Attorney, Debtor retained the Proposed Attorneys on July 28, 2022. ECF #36, pg. 2. Soon after the Proposed Attorneys were retained, it appears that they prepared a deed of trust (the "Deed of Trust") to secure repayment of $500,000.00 promissory note (the "Promissory Note[1]") by the Debtor's real property. *See* Exhibits B and C to the Declaration of Johnson Decl. The Promissory Note is made payable to, "Robert G. Brown, Trustee of Brown Family Decedents Trust dated February 23, 2017[2]." *See* Exhibit C to the Johnson Decl. This transaction appears to be the source of the $494,641.70 held in the Proposed Attorney's client trust account. ECF #13, pg. 8.

The Deed of Trust is dated August 10, 2022, and was recorded with the Pierce County Auditor on August 11, 2022. *See* Exhibit C. The Deed of Trust was notarized by Masafumi Iwama, the address for the Law Office of Mark McClure is listed on the top of the document for the return

---

[1] The Promissory Note bears interest at "the rate of *twenty five* percent (3%) per annum." *emphasis added.* When there is a conflict a negotiable instrument, generally, "words prevail over numbers." RCW 62A.3-114. Thus, it appears the note is payable at twenty-five percent interest per annum, which equals $10,416.66 per month in interest, or approximately $625,000 in interest over the term of the loan.

[2] It is not clear if the Brown Family Decedents Trust dated February 23, 2017, is a legal entity. Instead, based on Debtor's testimony at the 341 meeting of creditors held on October 18, 2018, the money was borrowed from a Decedents Trust B, which is an off shoot of the Brown Family Trust, dated January 14, 1994.

OBJECTION OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 2 -

Case 22-40997-BDL    Doc 48    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 2 of 5

of the Deed of Trust once recorded, and the Iwama Law Firm is listed as the Trustee of the Deed of Trust. *Id.* Further, it appears the Proposed Attorney's used their IOLTA as an escrow account to facilitate this transaction. *See* Johnson Decl., Exhibit D. Furthermore, it should also be noted that the amount transferred to the IOLTA by the Brown Family Trust appears to have been $700,000.00, not $500,000.00. *See* Exhibit D. However, $200,000.00 was kept in the IOLTA and was returned to the "Brown Family Decedents Trust" on August 16, 2022, five days after the filing of the petition. *Id.* [3]

## II. ANALYSIS

The Proposed Attorney's had a conflict of interest when the case was filed. Attorneys for the Debtor in Possession must not represent an interest adverse to the estate, and [be] disinterested persons." 11 U.S.C. § 327(a). At the time of filing, the Iwama Law Firm, of which one of the Proposed Attorneys was the proprietor, is listed as the Trustee of the Deed of Trust, and it appears Mr. Mclure was acting as an escrow agent for Robert Brown. In Washington, the trustee of the deed of trust has a "duty of good faith to the borrower, beneficiary, and grantor." RCW § 61.24.010(4). The existence of these obligations, with duties to both the Debtor and a creditor of the estate, created a potential conflict of interest for the Proposed Attorneys. While it appears that a successor trustee may have been appointed, and escrow is now closed, the

---

[3] Debtor may not have an obligation to repay the $500,000.00. Pursuant to the Brown Family Trust, Dated January 14, 2017, "[t]he Trustee shall reduce a beneficiary's share by any gifts or loan." *See* Declaration of Matthew J.P. Johnson Exhibit E. Thus, the loan purportedly secured by the Deed of Trust may be an advance of Debtor's beneficial interest in the trust, which will simply be offset once both of the trustors pass away.

OBJECTION OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 3 -

Case 22-40997-BDL    Doc 48    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 3 of 5

Proposed Attorney's employment should only be approved as of the date that the conflict was resolved, not to the beginning of the case as requested.

There are also questions regarding whether the Proposed Attorneys owe any additional duties to Robert Brown as he may reasonably believe that the Proposed Attorneys were representing his interests by drafting documents to memorialize and secure repayment of the transferred funds. "The essence of the attorney/client relationship is whether the attorney's advice or assistance is sought and received on legal matters." *Bohn v. Cody*, 119 Wash. 2d 357, 363, 832 P.2d 71, 75 (1992) (citing 1 R. Mallen & J. Smith § 11.2 n.18; 7 Am. Jur. 2d *Attorneys at Law* § 118 (1908). "The existence of the relationship 'turns largely on the client's subjective belief that it exists.'" *Id.* (quoting *In re McGlothlen*, 99 Wn.2d 515, 522, 663 P.2d 1330 (1983).

The Bohn case, citied above, involved facts very similar to the facts of this case. In that case, Lucille and Landis Bohn loaned money to their daughter after discussing aspects of the proposed loan with their daughter's attorney. After their daughter failed to repay the loan, the Bohns sued the attorney. The attorney in that case had several meetings with the parents regarding advancing funds to pay off a real estate contract. The mother contended that the attorney owed her duties under an attorney client relationship because the attorney "gave her legal advice and performed legal services for her," including preparing an assignment. *Id.* at 364. While the court found that no such relationship existed, the court acknowledged that "[d]etermining whether an attorney/client relationship exists necessarily involves questions of fact." *Id. citing* 48 Am. Jur. Proof of Facts 2d, Existence of Attorney-Client Relationship 525 (1987); 1 R. Mallen & J. Smith, Legal Malpractice § 11.2 n.12 (3d ed. 1989).

OBJECTION OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 4 -

Case 22-40997-BDL    Doc 48    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 4 of 5

The record currently before this Court does not provide any information regarding what conversations, if any, were had with Robert Brown regarding these transactions, whether he was represented by independent counsel, or whether he understood that the Proposed Attorneys did not represent his interests. All that is currently before this court is that the Proposed Attorneys appear to have created a note and deed of trust that apparently were intended to protect and benefit Robert Brown, who is a creditor of the estate. Given these facts, before the Proposed Attorney's employment is approved, they should be required to supplement the record to clarify their relationship with Robert Brown.

DATED this Wednesday, October 19, 2022;

Respectfully submitted,

Gregory M. Garvin
Acting U.S. Trustee for Region 18

/s/ Matthew J.P. Johnson
Matthew J.P. Johnson, WSBA #40476
Attorney for the United States Trustee

OBJECTION OF THE UNITED STATES TRUSTEE

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
Phone: 206-553-2000,
Fax: 206-553-2566

- 5 -

Case 22-40997-BDL    Doc 48    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 5 of 5