E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 01 2022 3:59 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 20-2-06886-7

**EXHIBIT A**

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| LISAH S. MOEGLING,<br><br>            Plaintiff,<br><br>v.<br><br>STEPHEN R. BROWN,<br><br>            Defendant. | Case No. 20-2-06886-7<br><br>**PLAINTIFF'S MOTION FOR JUDGMENT ON SPECIAL JURY VERDICT**<br><br>**CLERK'S ACTION REQUIRED** |

THIS MATTER came on for a regularly scheduled jury trial between the dates of July 13, 2022, through July 22, 2022, and was tried by a jury of twelve members, before Honorable Karena Kirkendoll, the presiding judge in the above-entitled court.

The Plaintiff, Lisah S. Moegling, was represented by Shaun M. Murphy of Slovak Baron Empey Murphy & Pinkney, LLP. The Defendant, Stephen R. Brown, was represented by John Du Wors of Newman Du Wors, LLP.

The parties presented evidence and testimony to the jury on July 18th, 19th, 20th and 21st of 2022. The jury returned a unanimous verdict in favor of Plaintiff, Lisah S. Moegling, on

PLAINTIFF'S MOTION FOR JUDGMENT ON
SPECIAL JURY VERDICT

1

SLOVAK BARON EMPEY
MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262
(760) 322-2275

G:\Shaun\Client Files\STD CASES\MOEGLING, Lisah v. Brown\TRIAL\13 VERDICT AND JUDGMENT\Motion for Judgment on Jury Verdict 2022.08.01.docx; August 1, 2022

Case 22-40997-BDL    Doc 48-2    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 1 of 6

her fraud claim(s), in the amount of two million five hundred eighty thousand dollars ($2,580,000.00). *(A copy of the jury's verdict is attached as exhibit "A")*

Plaintiff, Lisah S. Moegling, by and through her attorney of record, Shaun M. Murphy of Slovak Baron Empey Murphy & Pinkney, LLP, on the verdict of the jury returned and on file in the above-entitled action, and on the records and files of this case, now moves this court for an entry of judgment on jury verdict, for the sum of two million five hundred eighty thousand dollars ($2,580,000.00) against the Defendant, Stephen R. Brown, and for its costs and disbursements of this action, plus future interest as it applies, under legal authority RCW 4.64.030.

Dated: this 1st day of August, 2022

Respectfully Submitted by:

**SLOVAK BARON EMPEY MURPHY & PINKNEY, LLP**

*/s/ Shaun M. Murphy*
_____
Shaun M. Murphy
Attorney for Plaintiff, Lisah S. Moegling
WSBA No. 9900023
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262
760.322.2275 telephone
760.322.2107 facsimile

PLAINTIFF'S MOTION FOR JUDGMENT ON SPECIAL JURY VERDICT

2

SLOVAK BARON EMPEY MURPHY& PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262
(760) 322-2275

G:\Shaun\Client Files\STD CASES\MOEGLING, Lisah v. Brown\TRIAL\13 VERDICT AND JUDGMENT\Motion for Judgment on Jury Verdict 2022.08.01.docx:August 1, 2022

Case 22-40997-BDL    Doc 48-2    Filed 10/19/22    Ent. 10/19/22 15:54:38    Pg. 2 of 6

# EXHIBIT "A"

IN THE SUPERIOR COURT OF WASHINGTON
FOR THE COUNTY OF PIERCE

In re:

LISAH S. MOEGLING

VS.

STEPHEN R. BROWN

Case No.: 20-2-06886-7

SPECIAL VERDICT FORM

## QUESTIONS

We, the jury, answer the questions submitted by the court as follows:

**QUESTION 1:**

*Did Stephen Brown commit fraud by intentional misrepresentation?*

Stephen Brown committed fraud by intentional misrepresentation if clear, cogent, and convincing evidence shows that:

(1) he made a representation of existing fact;
(2) the fact represented was material;
(3) the representation was false;
(4) he knew the representation was false;
(5) Lisah Moegling did not know that the representation was false;
(6) he intended that Lisah Moegling would act upon the representation;
(7) Lisah Moegling had a right to rely on the truth of the representation;
(8) Lisah Moegling relied on the truth of the representation; and
(9) Lisah Moegling was damaged by reliance on the representation.

**ORIGINAL**

Page 1 of 3

ANSWER: "Yes" or "No." Yes: X   No: _____

**QUESTION 2:**

*Did Stephen Brown commit fraud by concealment?*

Stephen Brown committed fraud by concealment if clear, cogent, and convincing evidence shows either that:

(1) he made a representation of existing fact;
(2) the fact represented was material;
(3) the representation was false;
(4) he knew the representation was false;
(5) Lisah Moegling did not know that the representation was false;
(6) he intended that Lisah Moegling would act upon the representation;
(7) Lisah Moegling had a right to rely on the truth of the representation;
(8) Lisah Moegling relied on the truth of the representation; and
(9) Lisah Moegling was damaged by reliance on the representation.

Or, that Stephen Brown had a legal duty to disclose to Lisah Moegling that he was infected with genital herpes before engaging in sexual intercourse and he failed to do so.

ANSWER: "Yes" or "No." Yes: X   No: _____

If you answered "Yes" to Question 1 or 2, answer the following question. If you answered "No" to Question 1 *and* 2, do not answer the following question.

**QUESTION 3:**

*What sum of money, if paid now in cash, would fairly and reasonably compensate Lisah Moegling for her injuries, if any, that resulted from the occurrence in question.*

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some

other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for damages, if any.

1. Past non-economic damages (pain, suffering, inconvenience, mental anguish, disability or disfigurement incurred by the plaintiff, emotional distress, loss of society and companionship, injury to reputation and humiliation).

Answer: $420,000.00

2. Future non-economic damages (pain, suffering, inconvenience, mental anguish, disability or disfigurement incurred by the plaintiff, emotional distress, loss of society and companionship, injury to reputation and humiliation).

Answer: $2,100,000.00

3. Past economic expenses (reasonable expenses of medical care actually paid or incurred).

Answer: 0

4. Future economic expenses (reasonable expenses of medical care Lisah Moegling will, in reasonable probability, incur in the future).

Answer: $60,000.00

Dated 7/22/2022

_____
Presiding Juror

Page 3 of 3