EXHIBIT C

# PROMISSORY NOTE

$500,000.00                                                                                            August 10, 2022
                                                                                                                    Date

**Kent, Washington**
   City, State

FOR VALUE RECEIVED, Stephen R. Brown, hereinafter "Maker" promises to pay to Robert G. Brown, Trustee of Brown Family Decedents Trust dated February 23, 2017 hereinafter "Holder" or order at 3702 85th Ave NW, Olympia, WA 98502 or other such place as may be designated by the Holder from time to time, the principal sum of Five Hundred Thousand Dollars ($500,000.00), with interest thereon from 10th day of August, 2022 on the unpaid principal at the rate of twenty five percent (3.00%) per annum as follows:

1. **PAYMENT:** No Payment is due and the Due Date.

2. **DUE DATE:** The entire balance of this Note together with any and all interest accrued thereon shall be due and payable in full on 10th day of August, 2027.

3. **DEFAULT INTEREST:** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of twenty five percent (3%) per annum OR the maximum rate allowed by law, whichever is less, during such period of Maker's default under this Note.

4. **ALLOCATION OF PAYMENTS:** Each payment shall be credited first to any late charge due, second to interest, and the remainder to principal.

5. **PREPAYMENT:** Maker may prepay all or part of the balance owed under this Note at any time without penalty.

6. **CURRENCY:** All principal and interest payments shall be made in lawful money of the United States.

7. **LATE CHARGE:** If Holder receives any installment payment more than _____ days (15 days if not filled in) after its due date, then a late payment charge of $_____, or _____ percent (_____%) of the installment payment (5% of the installment payment if neither is filled in) shall be added to the scheduled payment.

8. **DUE ON SALE:** If this Note is secured by a Deed of Trust or any other instrument securing repayment of this Note, the property described in such security instruments may not be sold or transferred without the Holder's consent. Upon breach of this provision, Holder may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law.

_____                    _____
       Maker (Initials)                                               Holder (Initials)

9. **ACCELERATION:** If Maker fails to make any payment owed under this Note, or if Maker defaults under any Deed of Trust or any other instruments securing repayment of this Note, and such default is not cured within _____ days (30 days if not filled in) after written notice of such default, then Holder may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that Holder may have under the Deed of Trust or other instruments securing repayment of this Note.

10. **ATTORNEYS' FEES AND COSTS:** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought. If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

11. **WAIVER OF PRESENTMENTS:** Maker waives presentment for payment, notice of dishonor, protest and notice of protest.

12. **NON-WAIVER:** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights.

13. **SEVERABILITY:** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect.

14. **INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Maker and Holder.

15. **CONFLICTING TERMS:** In the event of any conflict between the terms of this Note and the terms of any Deed of Trust or other instruments securing payment of this Note, the terms of this Note shall prevail.

16. **EXECUTION:** Each Maker executes this Note as a principal and not as a surety. If there is more than one Maker, each such Maker shall be jointly and severally liable under this Note.

17. **COMMERCIAL PROPERTY:** Maker represents and warrants to Holder that the sums represented by this Note are being used for business, investment or commercial purposes, and not for personal, family or household purposes.

_____     _____
         Maker (Initials)                        Holder (Initials)

**ORAL AGREEMENTS:** ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, TO EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

18. **DEFINITIONS:** The word Maker shall be construed interchangeably with the words Borrower or Payer and the word Holder shall be construed interchangeably with the words Lender or Payee. In this Note, singular and plural words shall be construed interchangeably as may be appropriate in the context and circumstances to which such words apply.

19. **ADDITIONAL TERMS AND CONDITIONS: NONE**

20. **THIS NOTE IS SECURED BY (X) DEED OF TRUST, ( ) MORTGAGE, ( ) _____ OF EVEN DATE.**

Maker (signatures)

_____
Stephen R. Brown

---

**DO NOT DESTROY THIS NOTE**

WHEN PAID this original Note together with the Deed of Trust securing the same, must be surrendered to the Trustee for cancellation and retention before any reconveyance can be processed.