## ALLOCATION AND DISTRIBUTION OF TRUST ASSETS

The Trustee shall allocate, hold, administer and distribute the Trust assets as hereinafter delineated.

## Upon Death of the First Trustor

Upon the death of the first Trustor, the Trustee shall make any separate distributions that have been specified by the deceased Trustor. The Trustee shall also take into consideration the appropriate provisions of this section.

## Upon the Death of Both Trustors

Upon the death of the Surviving Trustor, the Trustee shall hold, administer and distribute the Trust in the following manner.

## Personal Property Distribution

The Trustors request the Trustee to abide by any memorandum by the Trustors directing the disposition of personal and household effects of every kind including but not limited to furniture, appliances, furnishings, pictures, china, silverware, glass, books, jewelry, wearing apparel, and all policies of fire, burglary, property damage, and other insurance on or in connection with the use of this property. Otherwise, the personal and household effects of the Trustors shall be distributed with the remaining assets of the Trust Estate.

## Support and Education

At any time prior to the division of the Trust into shares as hereinafter provided, or prior to distribution if divided, the Trustee may, at his/her sole and absolute discretion, provide such sums as shall be necessary or advisable, for the care and maintenance, medical needs, and education of any Primary Beneficiary. This provision shall also apply to the issue of a deceased Primary Beneficiary (as hereinafter designated).

## Extraordinary Distribution

The Trustee is further authorized, in their sole and absolute discretion, to provide such sums as shall be necessary or advisable, for the furtherance of worthwhile personal, professional or business goals, and if deemed appropriate by the Trustee, to provide such reasonable sums for

a partial or complete down-payment on a home of any Primary Beneficiary, provided, however, such aid or support shall be charged against the share of the Beneficiary receiving it, and that no such aid or support shall in any way diminish the benefits available to any other Beneficiary. Such provision shall also apply to the issue of a deceased Primary Beneficiary of the Trustors.

The Trustee is authorized, in their sole and absolute discretion, to distribute all the net income of the Trust Estate, at least annually, to the beneficiaries then entitled to income. Any distribution of income shall be made in the same proportion as the beneficiary's right to principal bears to the total principal of the Trust Estate. For example, if a beneficiary is entitled to a future distribution of twenty-five percent (25%) of the principal, the Trustee may distribute twenty-five percent (25%) of the net income to the beneficiary.

The Trustee shall record such extraordinary distributions that are made under this provision in Schedule A.

**Gifts or Loans**

The Trustee shall reduce a Beneficiary's share by any gifts or loans as shown in Schedule A.

**Handicapped Beneficiaries**

As used in this section, the term "Handicapped Beneficiary" and any variations thereof and references thereto, shall mean any beneficiary of this Trust who has been determined by a court of competent jurisdiction to be incompetent or unable to adequately manage his or her affairs. Additionally, the Trustee may make a determination, in accordance with the procedures for determining the competency of a Trustee, of the incompetency of any beneficiary. The interests of all such beneficiaries shall be governed by these provisions for Handicapped Beneficiaries.

Handicapped Beneficiaries shall not have any discretionary rights of a beneficiary with respect to this Trust, or with respect to his or her share or portion thereof. The Trustees shall hold and maintain such incompetent beneficiary's share of the Trust Estate in trust.

Notwithstanding the foregoing, any Beneficiary who is diagnosed for the purposes of governmental benefits (as hereinafter delineated) as being not competent or as being disabled, and

who shall be entitled to governmental support and benefits by reason of such incompetency or disability, shall cease to be a Beneficiary, and Trustee if so named, of this Trust if such aid is jeopardized by reason of the individual's status as a Beneficiary or Trustee. Likewise, they shall cease to be a Beneficiary or Trustee if any share or portion of the principal or income of the Trust shall become subject to the claims of any governmental agency for costs or benefits, fees or charges.

The portion of the Trust Estate which, absent the provisions of this section "<u>Handicapped Beneficiaries</u>", would have been the share of such incompetent or handicapped person shall be retained in Trust for as long as that individual lives. All income from such share, not otherwise utilized for the purposes of this Trust share, shall be added to the principal thereof annually. While the Trustees hold Trust property available for the benefit of any handicapped beneficiary, it is the intent of the Trustors, and they direct that the Trustee(s), in their sole and absolute discretion, provide life enrichment benefits for that handicapped beneficiary which will not cause the loss of any Governmental benefit to which that beneficiary would otherwise be entitled. Such benefits may include: training to develop skills and abilities, transportation, educational support, tutoring, adaptive vocational skills training, home and residential adaptation assistance, and any other programs to provide "life enrichment" as may be permitted by law. Upon the death of this individual the residual of this share shall be distributed as otherwise specified in the Trust.

If such individual recovers from incompetency or disability, and is no longer eligible for aid from any governmental agency, including costs or benefits, fees or charges, such individual shall be reinstated as a competent beneficiary after 60 days from such recovery, and the allocation and distribution provisions as stated herein shall apply to that portion of the Trust Estate which is held by the Trustee subject to the foregoing provisions of this section.

Upon the death of a Handicapped Beneficiary who otherwise would have been a Beneficiary of this Trust, any allocation of the Trust Estate held in Trust which would otherwise have inured to the benefit of said Handicapped Beneficiary shall be distributed to his or her issue, if any, per the provisions which allocate and distribute Trust Assets.

Each share shall be distributed or retained in Trust as hereinafter provided.

**Primary Beneficiaries**

Unless otherwise herein provided, upon or after the death of the Surviving Trustor, the Primary beneficiaries of this Trust are Charles Glenn Brown, Stephen Robert Brown, Nancy Elizabeth Pitman, Michael Walter Brown, and Patrick John Brown and any children born to, or adopted while they are minors, by Robert G. Brown and Irene A. Brown.

**Allocation of Trust Assets**

Upon the death of the Surviving Trustor the Trustee shall allocate the balance of the Trust Estate as then constituted into equal separate shares to provide one (1) share each for Charles Glenn Brown, Stephen Robert Brown, Nancy Elizabeth Pitman, Michael Walter Brown, and Patrick John Brown, the Primary Beneficiaries of the Trust Estate.

Each share shall be held, managed and distributed as provided in the provision entitled **"Distribution of Trust Assets"**.

In the event Charles Glenn Brown dies before receiving Charles Glenn Brown's entire share, the deceased primary beneficiary's share shall be reallocated in the following manner: the undistributed balance of the deceased primary beneficiary's share shall be allocated to create one share for each living child and one share for each group composed of the living issue of a deceased child of the deceased primary beneficiary who are all contingent beneficiaries of Charles Glenn Brown, the primary beneficiary, and distributed to such then living issue by right of representation in accordance with the Provision titled "Per Stirpes".

If all the issue of Charles Glenn Brown die before receiving their entire share the undistributed balance of the deceased primary beneficiary's share shall be allocated equally among the Trustors' remaining living primary beneficiaries and distributed as otherwise provided in this Trust Agreement.

In the event Stephen Robert Brown dies before receiving Stephen Robert Brown's entire share, the deceased primary beneficiary's share shall be reallocated in the following manner: the undistributed balance of the deceased primary beneficiary's share shall be allocated to create one