Hon. Brian D. Lynch
In Proceedings Under
Chapter 13
Hearing Date: October 26, 2022
Time: 9:00 AM
Response Date: October 19, 2022
Location: Tacoma, WA

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>Stephen Robert Brown,<br>　　　　　　　Debtor(s), | Chapter 13 Case No: 22-40997 BDL<br><br>DEBTOR'S REPLY TO US TRUSTEE'S LIMITED OBJECTION |

Stephen Robert Brown, the Debtor in this Chapter 11 case, ("Debtor"), in reply to US Trustee's ("UST") Limited Objection for an order approving the employment of Mark McClure, Masafumi Iwama, and the Law Office of Mark McClure, PS as Chapter 11 counsel for Debtor avers as follows:

The UST limited objection is based upon the following three issues:

1. Did Masafumi Iwama having a duty on behalf of the beneficiary and grantor at the time the case was filed create a conflict of interest;

2. Did Mark McClure having a duty as escrow agent to the settlor Robert Brown of the Brown Family Decedent's Trust aka Decedents Trust B ("The Trust") by holding $200,000 of the Trust's funds Law Office of Mark McClure's IOLTA account create a conflict of interest;

DEBTOR'S REPLY TO US TRUSTEE'S
LIMITED OBJECTION-- 1

z:\legal ii\2022\bankruptcy\brown, steve robert\motions\employment application
- noted\objection (limited) of ust\reply\word docs\reply (mi).doc

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

3. Did Robert Brown believe that Mark McClure or Masafumi Iwama represented either himself or The Trust.

**A.** <u>Masafumi Iwama having a duty on behalf of the beneficiary and grantor at the time the case was filed did not create a conflict of interest.</u>

If there had been a default on the Note at the time of the bankruptcy filing, there would have been an actual conflict of interest. However, the terms of the Note[1] and Deed of Trust provide for a date certain for payment, August 10, 2027. There could be no default until that time therefore there was no duty to enforce the Deed of Trust on behalf of the beneficiary. Generally, a trustee who is appointed at the time of loan inception, when a default arises, a lender/beneficiary generally appoints a successor foreclose trustee who will pursue a non-judicial foreclosure.

Accordingly, there was no conflict of interest, just the potential one in 2027 and that potential, contingent conflict of interest was eliminated when an Appointment of Successor Trustee was executed on September 23, 2022.

**B.** <u>Mark McClure having a duty as escrow agent to the settlor Robert Brown of The Trust by holding $200,000 of the Trust's funds in the Law Office of Mark McClure's IOLTA account did not create a conflict of interest.</u>

It was unclear at the time of filing whether or not it was the desire of Mr. Robert Brown to continue to have the funds held by Law Office of Mark McClure in the event that the funds would be preserved and on the ready for further loans to the bankruptcy estate or whether Mr. Robert Brown wished to have the funds released back to him to deposit into The Trust. Mr. Robert Brown subsequently directed the release of The Trust's funds to the Trust. See *Robert Brown's Declaration*, 02:07-10 filed contemporaneously herein. However, it is not unusual for law firms to hold funds of

---

[1] While there is a conflict in terms with the Note's interest rate, all parties involved agree that the "twenty five percent" was a scrivener's error that they agree that the actual interest rate is 3% per annum. See Robert Brown's Declaration, 02:09 and Stephen Brown's Declaration; 01:01-02.

**DEBTOR'S REPLY TO US TRUSTEE'S LIMITED OBJECTION**-- 2

z:\legal ii\2022\bankruptcy\brown, steve robert\motions\employment application - noted\objection (limited) of ust\reply\word docs\reply (mi).doc

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

various individuals or entities in their IOLTA accounts pending a contingent act, settlement or direction of a party. In this particular case, neither party, the Debtor or Robert Brown, contested or disagreed as to who "owned" or had control of the funds and there was no conflict as to the same as of the date of filing. See *id*; 02:07-10; and *Stephen Brown's Declaration*; 02:03-05.

Therefore, there was no conflict of interest between the parties because there was no disagreement as to who owned or controlled the $200,000.

**C.** Robert Brown did not believe that Mark McClure or Masafumi Iwama represented either himself or The Trust.

Mr. Robert Brown was advised that Mark McClure and Masafumi Iwama represented the Debtor, Stephen Brown, and not himself or The Trust during an initial Zoom™ session where discussion of a loan against Debtor's real property took place. Mr. Brown was also advised that it was in his best interest to be separately represented. He declined. See *Robert Brown's Declaration*, 02:11-14.

As above, there was no conflict of interest because Robert Brown did not believe that there was any representation on his behalf or The Trust's.

**WHEREFORE**, for at least the reasons stated in this application, Debtor requests that the Court enter an order authorizing him to employ Attorneys and Firm to represent Debtor in this Chapter 11 case effective as of August 11, 2022.

DATED: October 21, 2022

/s/ Mark McClure
Mark C. McClure, WSBA # 24393
Attorney for Debtor(s)

DEBTOR'S REPLY TO US TRUSTEE'S
LIMITED OBJECTION-- 3

z:\legal ii\2022\bankruptcy\brown, steve robert\motions\employment application - noted\objection (limited) of ust\reply\word docs\reply (mi).doc

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484