Hon. Brian D. Lynch
In Proceedings Under
Chapter 13
Hearing Date: October 26, 2022
Time: 9:00 AM
Response Date: October 19, 2022
Location: Tacoma, WA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| In re: | Chapter 13 Case No: 22-40997 BDL |
|---|---|
| Stephen Robert Brown,  Debtor, | DECLARATION OF ROBERT BROWN |

I, Robert Brown, declare under threat of perjury under the laws of Washington State that the following is true and correct:

I am over age eighteen, a US Citizen, and personal knowledge of the following facts and if called to testify would testify as to the same.

I have been advised prior to signing this declaration that I have the right to be represented by my own counsel and that neither Mr. Iwama nor Mr. McClure represents me. I am declining to do so.

I am the father of Steven Robert Brown, the debtor herein.

Regarding the US Trustee's Limited Response to Application of Employment of Mr. McClure, and Mr. Iwama, I have received, read, and understand the US Trustee's concerns and would like to address them here.

My son Stephen ("Steve") was in trouble and he went to Mr. McClure to seek legal advice as to how to best protect himself and his assets. After Steve initially met with Mr. McClure, Steve approached me about a loan against his home to help with matters.

My late wife and I created an ABC trust back in 1994. One of the trusts in the ABC trust is the Brown Family "A" Trust holding assets for my benefit and another is the Brown

ORDER FOR A MORATORIUM-- 1

z:\legal ii\2022\bankruptcy\brown, steve robert\motions\employment application - noted\objection (limited) of ust\reply\word docs\reply (mi).doc

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Decedents B Trust. The Decedents B Trust became active upon the terms of the ABC trust upon the death of my wife in March 2022. I am the Trustee for both the Brown Family "A" Trust and the Decedents "B" Trust and prime beneficiary. Our children are secondary beneficiaries upon my death as the surviving Trustor and I have the discretion of making loans or distributions to them should I wish to.

In May 23, 2015 my estate planning attorney created the Robert & Irene Brown Limited Partnership ("Partnership") and the Robert & Irene Brown Irrevocable Trust ("Gift Trust"). We transferred the entire Charles Schwab brokerage account into the Partnership. I am the general partner have complete control of the Partnership assets.

I sent Mr. McClure $100,000 from the A Trust and $600,000 from the Decedents B Trust for purposes of holding and funding a loan to Steve against his home. The loan was for the benefit of the Decedents B Trust which now holds the Note as an asset.

After discussions, we settled on a loan for $500,000 at 3% interest with a balloon payment due in 2027. I requested that Mr. McClure return the unused $200,000, which he did.

It was always my understanding that Mr. McClure and Mr. Iwama represented my son Stephen and not I or any of the trusts or the partnership involved in the loan. This was stated during the very first meeting via zoom I had while Steve was at Mr. McClure's office prior to the loan being made. Mr. McClure also told me that I had the right to have my own attorney involved if I wanted to and that he recommended it.

It was also explained to me that if Steve were to later default on the Note, that a conflict could arise in the future which is why I agreed to have a successor trustee appointed for the Deed of Trust.

Dated: October 21, 2022

At: Olympia, Washington

_____

Robert Brown, Debtor

ORDER FOR A MORATORIUM-- 2

z:\legal ii\2022\bankruptcy\brown, steve robert\motions\employment application - noted\objection (limited) of ust\reply\word docs\reply (mi).doc

**Law Office of Mark McClure, P.S.**
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484

Decedents B Trust. The Decedents B Trust became active upon the terms of the ABC trust upon the death of my wife in March 2022. I am the Trustee for both the Brown Family "A" Trust and the Decedents "B" Trust and prime beneficiary. Our children are secondary beneficiaries upon my death as the surviving Trustor and I have the discretion of making loans or distributions to them should I wish to.

In May 23, 2015 my estate planning attorney created the Robert & Irene Brown Limited Partnership ("Partnership") and the Robert & Irene Brown Irrevocable Trust ("Gift Trust"). We transferred the entire Charles Schwab brokerage account into the Partnership. I am the general partner have complete control of the Partnership assets.

I sent Mr. McClure $100,000 from the A Trust and $600,000 from the Decedents B Trust for purposes of holding and funding a loan to Steve against his home. The loan was for the benefit of the Decedents B Trust which now holds the Note as an asset.

After discussions, we settled on a loan for $500,000 at 3% interest with a balloon payment due in 2027. I requested that Mr. McClure return the unused $200,000, which he did.

It was always my understanding that Mr. McClure and Mr. Iwama represented my son Stephen and not I or any of the trusts or the partnership involved in the loan. This was stated during the very first meeting via zoom I had while Steve was at Mr. McClure's office prior to the loan being made. Mr. McClure also told me that I had the right to have my own attorney involved if I wanted to and that he recommended it.

It was also explained to me that if Steve were to later default on the Note, that a conflict could arise in the future which is why I agreed to have a successor trustee appointed for the Deed of Trust.

Dated: October 21, 2022

At: Olympia, Washington

*Robert Brown*
Robert Brown, Debtor

ORDER FOR A MORATORIUM-- 2

Law Office of Mark McClure, P.S.
1103 West Meeker Street, Ste 101
Kent, WA 98032
(253) 631-6484