| | |
|---|---|
| Law Office of Mark McClure, PS<br>1103 West Meeker Street, #101<br>Kent, WA 98032 | The Honorable Brian D Lynch<br>Chapter 11<br>Hearing Date: February 22, 2023<br>Hearing Time: 10:00 AM<br>Location: Tacoma, WA<br>Response Date: February 15, 2023 |

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>   Stephen Robert Brown,<br>                                Debtor. | CHAPTER 11 BANKRUPTCY<br>Case No.: 22-40997-BDL<br><br>DEBTOR'S AMENDED CHAPTER 11 PLAN DATED FEBRUARY 13, 2023 |

Stephen Robert Brown, ("Debtor"), Debtor-in-Possession, through the undersigned counsel, hereby submits to his creditors, as proponents, this Plan of Reorganization (the "Plan") pursuant to Section 1121, et seq., of the United States Bankruptcy Code, 11 U.S.C. (the "Code").

A detailed discussion of the Plan and its implementation is found in the Disclosure Statement of even date herewith. The Plan should be read in conjunction with the Disclosure Statement. The Debtor urges creditors and parties in interest to consult with counsel. The parties in interest should not rely on any representations not contained in the Plan or Disclosure Statement in making a determination in voting on the Plan. A detailed discussion of the voting rights of creditors is contained in the Disclosure Statement.

## **ARTICLE I—DEFINITIONS**

1.1 "Administrative Bar Date" means the first Business Day thirty (30) days after the Effective Date, and is the date by which all Administrative Claims must be filed with the Bankruptcy Court, except as otherwise provided in the Plan.

1.2 "Administrative Claim" means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request for payment or approval) of which is timely filed by the Administrative Bar Date, and any fees and charges assessed against the estate under 28 U.S.C. § 1930.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

1

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 1 of 19

1.3 "Allowed Claim" means a Claim against the Debtor (a) which is listed in the Debtor's Schedules (as amended), other than a Disputed Claim or a Claim to which an objection has been interposed; or (b) proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed; or (c) which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.

1.4 "Assets" means all property, real or personal, in which the Debtor have an interest.

1.5 "Avoidance Actions" means proceedings commenced under Chapter 5 of the Bankruptcy Code.

1.6 "Ballot" means the form distributed to each holder of an impaired Claim on which is to be indicated, among other things, acceptance or rejection of the Plan.

1.7 "Bankruptcy Code" means Title 11 of the United States Code.

1.8 "Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Washington or if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.9 "Bankruptcy Rules" means (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereinafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.10 "Bar Date" means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor. The Bar Date was October 7, 2022.

1.11 "Business Day" means any day except Saturday, Sunday, or other day on which commercial banks in the State of Washington are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.12 "Case" means the case commenced under Chapter 11 of the Code pending in the Bankruptcy Court, and bearing Case No. 22-40997-BDL.

1.13 "Cash" means United States currency, drafts, checks, deposit accounts, or other cash equivalents.

1.14 "Claim" means a claim as defined in § 101(5) of the Code.

1.15 "Claimant" means a Person holding a Claim against the Debtor.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

2

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 2 of 19

1.16 "Class" means each class of Claims or Interests established and set forth in Article II of the Plan.

1.17 "Collateral" means any property or interest in property of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Code or applicable state law.

1.18 "Confirmation" means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.19 "Confirmation Date" means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.20 "Confirmation Hearing" means the hearing under § 1128 of the Code scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan as it may be continued from time to time.

1.21 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan.

1.22 "Creditor" means the holder of a Claim.

1.23 "Days" shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.

1.24 "Debtor" means Stephen Robert Brown.

1.25 "Disclosure Statement" means the Disclosure Statement filed or to be filed by Debtor in connection with this Plan, as modified, if applicable.

1.26 "Disputed Claim" means a Claim: (a) which is listed as disputed or contingent in the Debtor's Schedules as filed or as amended, or (b) which is listed as disputed under any provision of this Plan, or (c) as to which a proof of claim was timely filed and an objection to such Claim was filed within 30 days after the Effective Date.

1.27 "Effective Date" means the first Business Day after the Confirmation Order becomes a Final Order.

1.28 "Equipment" means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

3

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 3 of 19

1.29 "Exempt Property" means property claimed as exempt on Schedule C (as amended, if applicable) filed by the Debtor, unless such exemption has been disallowed by the Bankruptcy Court upon timely objection.

1.30 "Estate" means the bankruptcy estate(s) of the Debtor. The use of the term in the singular does not mean that the estates are substantively consolidated.

1.31 "Executory Contracts" means all contracts, including unexpired leases, to which the Debtor was a party to on the Petition Date and which were executory within the meaning of § 365 of the Code and which may be assumed or rejected by the Debtor.

1.32 "Final Decree" means the Final Order of the Bankruptcy Court that closes and dismisses the Case.

1.33 "Final Order" means an order or judgment of the Bankruptcy Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought, or (iii) no stay has been ordered precluding performance of the order or judgment appealed.

1.34 "Inventory" means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

1.35 "Material Default" of the Debtor shall occur for all other classes of creditors or unclassified claims if: (1) the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 30 calendar days after the time specified in the Plan for such payment or other performance; (2) upon such failure, the affected creditor has served upon Debtor and Debtor's attorney a written notice of Debtor's default; and (3) Debtor fails within 21 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the Court or affected creditor an extension of time to cure the default, or a determination that no default occurred.

1.36 "Lien" has the meaning set forth in §101(37) of the Code.

1.37 "Miscellaneous Assets" means Assets other than Inventory, Equipment, Accounts Receivable or Avoidance Actions.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

4

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 4 of 19

1.38 "Person" means an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government, or any political subdivision thereof, or other legal entity.

1.39 "Petition Date" means August 11, 2022, the date on which the voluntary petition for relief under Chapter 11 of the Code was filed by the Debtor.

1.40 "Plan" means this Plan, as it may be amended from time to time.

1.41 "Priority Claim" means a Claim made pursuant to § 507(a) of the Code, other than an Administrative Claim or a Professional Claim.

1.42 "Priority Tax Claim" means any Allowed Claim for taxes, including without limitation, income, property, withholding, payroll or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Code.

1.43 "Professional" means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Code.

1.44 "Professional Claim" means any Claim for compensation or reimbursement of a Professional arising at any time before the Confirmation Date.

1.45 "Proof of Claim" means a proof of Claim filed pursuant to § 501 of the Code and Part III of the Bankruptcy Rules.

1.46 "Rejection Claim" means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Code and applicable law, and as are allowed by the Bankruptcy Court.

1.47 "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.48 "Secured Claim" means any Claim, debt, or demand against the Debtor as determined in accordance with § 506(a) of the Code which is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set off against, any Property of the Debtor, but only to the extent of the value of the Collateral as of the Confirmation Hearing.

1.49 "Unexpired Lease" means a lease of personalty or realty which had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

5

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 5 of 19

1.50 "Unliquidated Claim" means any Claim, the amount of liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

1.51 "Unsecured Claim" means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Code.

## ARTICLE II—CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Class A (Priority (non-tax) Claims): Class A consists of Priority Claims under § 507 other than Administrative Claims and Priority Tax Claims.

2.2 Class B (Pierce County Assessor-Treasurer ("Pierce County")): Class B consists of the secured Claim of Pierce County, (Proof of Claim No. 2), in the amount of $4,547.05 as of the filing date.

2.3 Class C (The Brown Family Decedent's Trust" aka "The Brown Family Decedents Trust B") Class C consists of the secured prepetition Claim of The Brown Family Decedents Trust B (the "Family Trust"), (No Proof of Claim filed), in the approximate amount of $500,000.00 as of the filing date, secured by Debtor's residence located at 245 Shorewood Court, Fox Island, WA 98333[1].

2.4 Class D (Proof Claim No. 1 Ms. Moegling $2,622,359.24): Class D consists of a general unsecured Claim held by Ms. Moegling against the Debtor.

2.5 Class E (Proof Claim No. 3) Newman Du Wors LLP $181,685.67): Class E consists of a general unsecured Claims held by Newman Du Wors LLP against the Debtor.

## ARTICLE III—TREATMENT OF CLAIMS AND INTERESTS

3.1 Administrative Expenses (Unclassified): Administrative expense Claims approved and allowed by the Court shall be paid in full, in cash, by the Debtor on the effective date of the Plan or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. Administrative Claims which, by their terms, are not due and

---

[1] See Exhibit A for Legal Description.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

6

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 6 of 19

payable on or before the Effective Date shall be paid as and when due. The only administrative expense Claims known by the Debtor is the fees and costs of the Debtor's counsel and the U.S. Trustee.

The total unpaid professional fees as of the date of this Plan are estimated to be approximately $45,000.00 although additional fees will be incurred before the Effective Date. The Debtor is unaware of any other unpaid administrative expense Claims.

Within this class are all pre-confirmation fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6), which shall be paid on the effective date of the Plan, if not paid sooner. After confirmation, and until the case is closed, the Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6). Debtor estimates that they will owe a total of $750.00 for the 2nd and 3rd quarter 2022 plus the 1st quarter of 2023.

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Estimated Professional Fees, as approved by the Court | $45,000.00 | To be paid from the current approximate trust fund balance of $494,641.70. |
| Clerk's Office Fees | $ 0.00 | Paid in full on the effective date of the Plan |
| Other administrative expenses | $ 0.00 | Paid in full on the effective date of the Plan |
| Office of the U.S. Trustee Fees | $ 750.00 | Paid in full on the effective date of the Plan |
| TOTAL | $47,750.00 | |

B. Priority Taxes: Debtor understands that his tax filings and payments are all current. If Debtor owes any Priority Taxes, Debtor intends to pay 100% of priority tax Claim from the funds available on the effective date of the Plan.

3.3 Class A (Priority (non-tax) Claims): The Debtor is unaware of any such Claims, and no Proofs of Claim in this class have been filed. In the unlikely event that there are any allowed Claims in Class A, they shall be paid in full, in cash, by the Debtor on the Effective Date or as

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

7

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 7 of 19

soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. This class is not impaired.

3.4 Class B (Pierce County Assessor-Treasurer ("Pierce County")): Class B consists of the secured Claim of Pierce County, (Proof of Claim No. 2), in the amount of $4,547.05 as of the filing date. The second half of the property tax due for the Debtor's residence located at 245 Shorewood Court, Fox Island, WA 98333 will be paid by Debtor on or before October 31, 2022. Debtor shall continue to pay the property tax on time. This claim was withdrawn by the County. This class is not impaired.

3.5 Class C ("The Brown Family Decedent's Trust" aka "The Brown Family Decedents Trust B"): Class C consists of the secured prepetition Claim of The Brown Family Decedents Trust B ("Trust"), (No Proof of Claim filed), in the approximate amount of $500,000.00 as of the filing date, secured by Debtor's residence located at 245 Shorewood Court, Fox Island, WA 98333. The Debtor intends to pay the contractual payment on this loan. This class is not impaired.

Chart of Secured Claims

| POC # | Name | Amount Claimed | Value of Secured Claim | Interest rate | Mo. Payment |
|---|---|---|---|---|---|
| 2 | Pierce County | $4,547.05 Class B | $4,547.05 | | Due on April 30th and and October 31st $746,24/mo |
| No POC | Brown Family Decedents Trust | $ 500,000.00 Class C | $ 500,000.00 | 3.00% | |

3.6 Class D (Proof Claim No. 1 Ms. Moegling $2,622,359.24): Class D consists of a general unsecured Claim held by Ms. Moegling against the Debtor. Debtor agrees to pay to Ms. Moegling the total amount of $1,600,000. Ms. Moegling shall be paid a pro rata share of the liquidation of value which is $962,935.22 of $1,029,877.24 plus $637,064.78 which totals to $1,600.000.00.

(a) Debtor shall make an initial payment to Moegling in the amount of $1,000,000 within 60 days of plan confirmation ("Initial Payment"). Debtor contemplates the use of financial accounts to make a payment of $708,617.00. Debtor relies on a sale of California condo located at 637 Beelard Dr, Vacaville, CA 95687 to raise the balance of the Initial

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

8

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 8 of 19

Payment. If after Debtor's best effort to liquidate the condo he cannot raise enough funds to satisfy the balance due, Debtor shall make payments on the deficiency as follows:

    i. beginning on May 1, 2023, Debtor will make monthly payments until the Remaining Balance is paid in full.

    ii. the monthly payments will consist of interest only payments on the balance due at a rate of 8%.

    iii. the entire balance shall be due within 12 months from plan confirmation.

(b) The balance of $600,000 shall be due and payable three years after the Effective Date (the "Remaining Balance").

(c) After payment of the Initial Payment, Debtor shall make monthly payments until the Remaining Balance is paid in full (the "Periodic Payments".) During the first year after the Effective Date, the amount of the Periodic Payments shall be $4,000 per month for an annual total of $48,000. If Debtor pays the Remaining Balance in full within the first year after the Effective Date, he shall receive a credit of 50% of the amount of Periodic Payments made during the first year after the Effective Date. For example, and for illustration purposes only, if Debtor pays the Remaining Balance at the end of the first year following the Effective Date, he shall receive a credit for Periodic Payments made in the amount of $24,000. The amount paid at the end of the first year will have been the Remaining Balance and half the Periodic Payments for a total of $624,000.

(d) If the Remaining Balance is not paid in full by the end of the first year after the Effective Date, the Periodic Payments shall increase in the second year to $4,500 monthly for an annual total of $54,000. If Debtor pays the Remaining Balance during the second year after the Effective Date, he shall not receive credit for any Periodic Payments made during year one or year two.

(e) In year three after the Effective Date, the Periodic Payments shall increase to $5,000 monthly for an annual total of $60,000. At the end of year three after the Effective Date, the amount that Debtor shall have to pay on the Remaining Balance shall be $600,000 plus the amount of all Periodic Payments made. For example, and for illustration purposes only, if Debtor pays the Remaining Balance at the end of the third year following the Effective Date, he shall have paid $762,000.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

9

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 9 of 19

(f) Debtor shall secure his obligations under this Agreement with a first position Deed of Trust in favor of and for the benefit of Moegling on his property located at 245 Shorewood Ct., Fox Island, WA 98333 and legally describe as Tract 20, Shorewood Beach, Pierce County, Washington, according to the plat recorded in Book 12 of Plats at Page 1, in Pierce County, Washington. Together with tidelands of the second class situated in front of, adjacent to or abutting thereon. Tax ID No. 759000-018-0. Brown shall obtain a consent or subordination from al current lien holders on his property. The requirement of a first-position deed of trust is a condition precedent to this Agreement. If Debtor is unable to provide a first-position deed of trust to Moegling, this Agreement and the prior agreement reached with Judge Heston shall be void and unenforceable.

(g) Recoveries from Lawsuit(s), Settlement(s), Insurance Claim(s). Brown agrees to pay Moegling twenty percent (20%) of the net proceeds Brown receives as a result of any lawsuit(s), insurance claim(s), or the settlement(s) from any such actions or claims, subject to the authority and jurisdiction of the United States Bankruptcy Court for the Western District of Washington, Case Number 22-40997-BDL; namely, proceeds realized from the Adversary Proceeding No. Ch. 13 Case No. 22-bk-40997-BDL in re: Stephen R. Brown vs. Newman Du Wors LLP; and John David Du Wors; and/or proceeds received from a potential lawsuit against Ramirez & Cooper, Inc., and/or proceeds received from the insurance claim against Brown's USAA Homeowner's Insurance, and/or any other subsequent proceeds from which Brown recovers, subject to case 22-40997-BDL. All proceeds will be set aside in Mark McClure's IOLTA account, subject to distribution upon court approval, requiring notice to all interested parties, prior to disbursement.

Upon successful completion of payment of Class D, Ms. Moegling shall dismiss the Adversary Proceeding (22-04039) with prejudice.

Payments on Class D Claims shall be mailed to the address of the creditor on the Settlement Agreement reached between the parties, unless the creditor files a change of address notice with the Court.

This class is impaired.

3.7 E. Class E (Proof Claim No. 3 Newman Du Wors LLP $181,685.67) Class E consists of a general unsecured Claims held by Newman Du Wors LLP against the Debtor. The Debtor has commenced an objection to the Proof of Claim and an action for legal malpractice.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

10

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 10 of 19

The pro rata share of the Claimed amount ($66,736.04) of any Claims which are then subject to objections as to which a Final Order has not been entered, shall be deposited in an interest bearing bank account until a Final Order is entered. When Final Orders are entered disallowing or allowing and liquidating Class E Claims, the remaining funds in the bank account shall be distributed to the holders of all Class E. Payments on Class E Claims shall be mailed to the address of the creditor on the Proof of Claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court. Any check (payment) mailed to the proper address and returned by the post office as undeliverable, or not deposited within 180 days, shall be void and the funds may be retained by the Debtor. This class is impaired.

**Class D List of Allowed Unsecured Claim**

| Description | Class | Insider (Yes/No) | Amount | Impairment | Treatment |
|---|---|---|---|---|---|
| POC 1 Lisah S Moegling | D | NO | $2,622,359.24 | Impaired | Pro Rata (93.50%) |

**Class E: Objected Unsecured Claim**

| POC 3 Newman Du Wors LLP | E | NO | $181,685.67 | Impaired | Pro Rata (6.50%) |
| Total | | | $2,804,044.91 | | |

### ARTICLE IV—EXECUTION OF PLAN

A. By Debtor's Income and Liquidation of Property: The Debtor shall fund this Plan with his income and the proceeds from liquidation of his property. The Debtor shall purchase the Assets of the estate (unexempted property), and shall pay ordinary living expenses, and pay the creditors the amounts set forth in the Plan. Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue Claims in any court of competent jurisdiction. Except as expressly provided for in this Plan,

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

11

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 11 of 19

nothing in this Plan shall be deemed to constitute a waiver of any Claim that the Debtor may assert against any other party, including the holder of any Claim provided for in this Plan, and the allowance of any Claim against the Debtor or the estate shall not bar any Claim by the Debtor against the holder of such Claim.

It is estimated that the amounts required for implementation of the Plan upon the Effective Date are as follows:

Administrative expense Claims: $45,750.00 will be paid out of the Attorney Trust Account. The attorney's fees/costs to be paid in full upon approval of fee applications by the Court.

Class A: $0.00

Class B: Property Taxes will be paid from Debtor's regular income.

Class C: 3% interest only ($1,250.00/month) payment will be made from Debtor's regular income.

Class D: Paid from the liquidation value of the Estate.

1) Attorney's Trust Account: Debtor secured a loan from the Trust[2] in the amount of $494,641.70. The purpose of the loan was to save time and costs of liquation of his residence and make the funds immediately available for the unsecured creditors. Debtor will use the remaining funds (after the administrative fees are satisfied) from the Attorney Trust account to pay the pro rata share of the general unsecured claims.

2) By sale of California Condo: Once the Plan is confirmed, Debtor intends to liquidate the condo within one year from the effective date of Plan. The proceeds from the sale of property, after the closing costs are fully paid, will be used to pay the pro rata share of the general unsecured claims. Based on the current adverse real estate market, it is very difficult to estimate the net proceeds from the sale. Debtor currently estimates that net proceeds from the sale will be approximately $270,550.00. (637 Beelard Dr, Vacaville, CA 95687 See Exhibit A for legal descrition)

---

[2] The Brown Family Decedent's Trust" aka "The Brown Family Decedents Trust B"

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

12

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 12 of 19

3) Checking USAA 7197: Debtor has approximately $250,000.00 saved in the checking account. Debtor will use the funds to pay the pro rata share of the general unsecured claims within one year from the effective date of Plan.

4) Debtor intends to secure a loan to purchase other non-exempted personal property from the Bankruptcy Estate. The total remaining liquidation value of the estate is $14,699.22. Debtor will pay the pro rata share of the general unsecured claims within 90 days from the effective date of Plan.

5) Legal Malpractice Claim: Debtor intends to share the recovery, if any, with Class D

6) In order to raise additional $600,000 under Class D, Debtor may obtain a loan against his residence or sell it to satisfy the amount within three years from the Effective Date of Plan.

Combination of 1 to 4 above is sufficient to cover $1,029,877.24 [3] which is the liquidation value of the Estate.

## ARTICLE V—RETENTION OF JURISDICTION

Following the Confirmation Date, the Court shall retain jurisdiction over the Debtor, the Debtor's operations and Assets for the following purposes until the Court enters an Order closing the case:

A. To rule on the allowance or classification of Claims and to hear any objections thereto. The failure of the Debtor to object to, or examine any Claim for the purposes of voting shall not be deemed a waiver of the Debtor's right to object to such Claim in whole or in part;

B. To hear and determine all adversary proceedings and contested matters;

C. To allow and approve or disapprove any administrative expenses not previously allowed;

D. To determine and resolve questions concerning the existence of defaults under the Plan;

E. To modify the Plan pursuant to § 1127(b) of the Code;

---

[3] This amount does not include the potential recovery from the legal malpractice case.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

13

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 13 of 19

F. To correct any defect, to cure any omission, to reconcile any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan; and

G. To issue any Order necessary to carry out the Plan.

## ARTICLE VI—EXECUTORY CONTRACTS AND LEASES

Any prepetition Executory Contracts and Leases in effect as of the Effective Date (other than any leases to tenants) and not specifically rejected will be deemed rejected as of the Effective Date. Any Claims arising from the rejection of Contracts and Leases must be filed on or before the Rejection Claim Bar Date. The Rejection Claim Bar Date is 30 days after the Effective Date, or, if later, 30 days after entry of any Final Order rejecting the Executory Contract or Lease. Absent the filing of a Proof of Claim on or before the Rejection Claim Bar Date, all Rejection Claims shall be forever barred from assertion and shall not be enforceable against the Debtor, its Estate, Assets, or properties. All Rejection Claims shall be General Unsecured Claims.

## ARTICLE VII—MODIFICATION OF PLAN

The Debtor may alter, amend, or modify the Plan under § 1127(a) of the Bankruptcy Code at any time before the Confirmation Date, so long as the Plan, as modified, meets the requirements of §§ 1122 and 1123. The Debtor may also alter, amend, or modify the Plan under § 1127(b), following the Confirmation Date but before the Effective Date. The Debtor may revoke or withdraw the Plan before the Confirmation Date. If the Plan is revoked or withdrawn before the Confirmation Date, the Plan shall be of no force or effect, and shall be deemed null and void. If the Plan is revoked or withdrawn before the Confirmation Date, nothing contained herein shall in any way effect or prejudice the rights of the Debtor with regard to Claims, Avoidance Actions, or any other rights or interests. After confirmation, the Plan may be modified pursuant to § 1127(e). After payments of the full distribution to the Unsecured Dividend for the Class D Claims, the Plan may not be modified under § 1127(e).

## ARTICLE VIII—DISCHARGE AND CLOSING

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

14

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 14 of 19

A. The Debtor shall be entitled to their discharge upon completion of all payments under the Plan, pursuant to 11 U.S.C. § 1141(d)(5), provided, however, that nothing herein shall limit or prejudice their right to seek entry of an discharge prior to completion of payments under the Plan under § 1141(d)(5)(B).

B. Upon substantial consummation of the Plan, the Case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge.

## ARTICLE IX—MISCELLANEOUS

A.　　Retention of Jurisdiction, Closing.

Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, the Plan provides for the Bankruptcy Court to retain exclusive jurisdiction over all matters relating to the Plan, including the allowance of Claims and the adjudication of any Avoidance Actions. Upon substantial consummation of the Plan, the Case shall be closed, but shall be subject to reopening to enforce the terms of this Plan and to enter a discharge.

B.　　Covenant.

Until such time as all payments have been made under this Plan, Debtor covenants for the benefit of the holders of Allowed Claims that Debtor shall keep all property taxes and insurance coverage for the Debtor's property.

C.　　Default.

Except as otherwise provided in the Plan, in the event Debtor shall default in the performance of any of his obligations under the Plan, then a Claimant may pursue such remedies as are available at law or in equity.

Event of Default:  The occurrence of any of the following shall constitute an event of default under this Plan:

*Failure to Make Payments*.  Failure on the part of the Debtor to pay fully when due any payment required to be made by this Plan, which failure remains uncured for a period of thirty calendar days after written notice to the Debtor.

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA.  98032
Telephone: (253) 631-6484

15

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 15 of 19

*Failure to Perform Covenants*. Failure on the part of the Debtor to perform or observe any term or provision of Section IX C of the Plan, which failure remains uncured for a period of thirty calendar days after written notice to the Debtor.

Notice shall be mailed to:

Stephen Robert Brown
245 Shorewood Court
Fox Island, WA 98333

and

Masafumi Iwama
Law Office of Mark McClure, PS
1103 West Meeker Street, #101
Kent, WA 98032

An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claims. Nothing contained in the Plan shall limit the right of any party to reopen this Case or to convert this Case to a liquidation case under chapter 7 of the Bankruptcy Code if cause for such relief exists.

Except as specifically provided in this Plan, the obligations to creditors that Debtor undertake in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under state law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

No creditor may take any collection action against Debtor or property of the estate or of the Debtor so long as Debtor is not in Material Default in performing his obligations to such creditor under the Plan.

D. Sale Pursuant to Confirmed Plan

All real property sold subsequent to the confirmation of the Plan, in which the Debtor had any interest on the Petition Date, shall be deemed sold pursuant to Bankruptcy Code § 1146, and, pursuant to § 1146, (a) shall not be taxed, including the imposition of real estate

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

16

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 16 of 19

excise tax, and (b) instruments of conveyance, transfer, or security delivered for recording before, on, or after the Effective Date pursuant to the Plan or any new security agreements created by the Plan are necessary to effect the Plan and shall be exempt from payment of any mortgage or recording tax, real property tax, or similar transfer or stamp taxes.

Confirmation Order is in recordable or fileable form, and shall be accepted by any recording or filing officer for recording and filing purposes without further or additional orders, certifications, or other supporting documents.

In this Plan, Debtor contemplates a sale of property located at 637 Beelard Dr, Vacaville, CA 95687.

E. Authority to Manage Financial Affairs

Debtor is authorized to take all other actions reasonably necessary or appropriate to implement the Plan and any agreements or settlements therein.

Debtor is authorized to manage his financial affairs, acquire and dispose of property, and compromise or settle any Claims without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Office the United States Trustee, other than those restrictions expressly imposed by the Plan or this Order; however, the foregoing shall be without limitation or modification of the jurisdiction retained by the Bankruptcy Court in Article V of the Plan.

F. Injunction under Bankruptcy Code §§ 105 and 524

All persons who have held, currently hold, or may hold a Claim discharged or modified pursuant to the terms of the Plan shall be permanently enjoined by Bankruptcy Code §§ 105 and 524 from taking any of the following actions on account of any such discharged or modified Claim: (a) commencing or continuing in any manner any action or proceeding against the Debtor; or their respective assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or their assets or properties; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtor's assets or properties; (d) asserting any lien or encumbrance against the Debtor or his assets and properties; (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with any provision of this Order or the Plan. Any

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

17

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 17 of 19

person violating an injunction contained in this paragraph may be liable for actual damages, including costs and attorneys' fees, and, where appropriate, punitive damages. The discharge shall void any judgments against the Debtor, at any time obtained, to the extent the judgment relates to a discharged Claim.

Except as may be set forth in certain stipulations entered into by and between the Debtor and secured creditors regarding this Plan and filed with the Bankruptcy Court, the provisions of the Plan as confirmed shall supersede the Debtor's obligations on any and all Claims and any other indebtedness that arose before the Effective Date.

### G. Authority to Employ Professionals to Assist the Debtor

Debtor may employ lawyers, accountants, consultants, bookkeepers, or other employees necessary to assist them and that any professional fee or expense reimbursement obligations incurred by the Debtor may be paid by the Debtor without application to the Bankruptcy Court, provided that any dispute relating to post-confirmation professional fees shall be submitted to the Bankruptcy Court for resolution.

### H. Avoidance of Claims, Interests and Judgment Liens

On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all Claims, interests and liens except as provided in this Plan. If any creditors who receives notice of bankruptcy filing, Notice of Claims Bar Date, Notice to Approval of Disclosure Statement, Hearing on Confirmation, Procedures for Objections to Plan, Procedures and Deadline for Voting and failed to file a proof of claim, or otherwise file an objection to confirmation of a plan, such a creditor's claim is deemed disallowed. The confirmation order shall be conclusive evidence that such claims, interest and/or judgment shall be avoided pursuant to § 1141(b) of the Code against the Debtor's property.

Dated this 13th day of February, 2023

By  /s/ *Masafumi Iwama*  
    Masafumi Iwama, WSBA 40821  
    Mark C McClure, WSBA 24393

By  /s/ Stephen Robert Brown  
    Stephen Robert Brown, Debtor

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

18

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 18 of 19

# EXHIBIT A

## Legal Description for 245 Shorewood Ct, Fox Island, WA 98333

TRACT 20, SHOREWOOD BEACH, PIERCE COUNTY, WASHINGTON, ACCORDING TO THE PLAT RECORDED IN BOOK 12 OF PLATS AT PAGE 1, IN PIERCE COUNTY, WASHINGTON.

TOGETHER WITH TIDELANDS OF THE SECOND CLASS SITUATE IN FRONT OF, ADJACENT TO OR ABUTTING THEREON.

SUBJECT TO:

Reservation in the dedication of the plat, of the right to construct, operate and maintain telephone, electric power and light wires, and also water and gas mains though, in and over the lanes and walk shown on the plat.

Exceptions and reservations of the State of Washington of all oils, gases, coal, ores, minerals, fossils, etc., and the right of entry for opening, developing and working mines, etc., provided that no rights shall be exercised until provision has been made for full payment of all damages sustained by reason of such entry.

AFFECTS: Tidelands

Right of the State of Washington or any grantee or lessee thereof, upon paying reasonable compensation, to acquire right of way for private railroad, skid roads, flumes, canals, water courses or other easements for transporting and moving timber, stone, minerals or other products from other lands.

AFFECTS: Tidelands

Any question of the location of the lateral boundaries and seaward boundary of the second class tidelands/shorelands described herein.

Right of use, control or regulation by the United States of America in the exercise of powers over navigation.

Any prohibition or limitation on the use, occupancy or improvement of the land resulting from the rights of the public or riparian owners to use any waters which may cover the land.

Tax Parcel Number(s): 7590000180

## Legal Description for 637 Beelard Dr, Vacaville, CA 95687

LOT 87 AND LOT G-87 AS SHOWN ON THE MAP ENTITLED: "MAP OF VILLA KNOLLS" FILED SEPTEMBER 7, 1977 IN BOOK 33 OF MAPS AT PAGE 45, SOLANO COUNTY OFFICIAL RECORDS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SOLANO, CITY OF VACAVILLE

DEBTOR'S AMENDED CHAPTER 11 PLAN
DATED FEBRUARY 13, 2023

Law Office of Mark McClure, P.S
1103 West Meeker Street, Ste 101
Kent, WA. 98032
Telephone: (253) 631-6484

19

Case 22-40997-BDL    Doc 91-1    Filed 03/16/23    Ent. 03/16/23 16:48:11    Pg. 19 of 19